CROWLEY, Appellant, v. BOARD OF COMMIS-
SIONERS OF GALLATIN COUNTY et al., Re-
SPONDENTS.

[Submitted March 12, 1894. Decided March 26, 1894.]

Roads—*Proceedings to open—Validity.*—In an action to enjoin the opening of a
road through plaintiff's land it is no objection to the validity of the proceed-
ings laying out the road that, as finally ordered opened, it deviated somewhat
from the description in the petition therefor.

Same—*Same—Qualification of viewers—Record.*—A resolution by a board of
county commissioners ordering a road opened in accordance with their order,
appointing as a board of viewers three persons "who possess the statutory
qualifications," is a sufficient record in their proceedings that the viewers
appointed were qualified "as house-holders of said county," as provided by
statute.

Same—*Same—Qualifications of viewers—Relationship.*—The validity of proceed-
ings to open a road are not affected by the fact that two of the viewers appointed
to act in such proceedings are related to each other; nor by the fact that one of
such viewers was a petitioner for the opening of the road, since the action of
the viewers being merely advisory, the party complaining may demand that
the question of damages be submitted to a jury, and also has the right of appeal.

Same—*Same—Width of road.*—It is no objection to such proceedings that the
width of the proposed road was not designated in either the report of the
viewers or the order opening the road, since the width of all public highways
being fixed by statute, such width prevails where the proceedings are silent
upon that point.

Same—*Same—Findings by commissioners—Citizenship of petitioners.*—In the
absence of statutory requirements as to citizenship of petitioners for the open-
ing of a road, it is not necessary that the commissioners find in their proceed-
ings that the petitioners were citizens of the United States or of the county,
or to make findings in detail of facts, the recording of which is not required
by statute.

*Appeal from Ninth Judicial District, Gallatin County.*

ACTION to enjoin the opening of a county road. Judgment
was rendered for the defendants below by ARMSTRONG, J., on
demurrer to the complaint. Affirmed.

*Hartman & Hartman,* for Appellant.

*E. L. Knowles & John A. Luce,* for Respondents.

HARWOOD, J.—By this action plaintiff invoked the power
of the court to enjoin the opening of a road through his land,
in his complaint alleging: His ownership of a tract of valuable
farming land situate in Gallatin county, giving a particular
description thereof; that defendant board of county commis-

sioners of said county and road supervisor threaten to, and were about to, open a road through his said land, pursuant to certain proceedings, to wit, a petition for the establishment and opening of said road as a public highway, and the approval thereof, and appointment of road viewers by said board of county commissioners for the purpose of viewing and reporting upon said proposed road, as provided by law; the report of the viewers; the record of the action of the board of county commissioners thereon, approving said report, and ordering that "said road is hereby established, and ordered opened, according to a resolution adopted by the board of commissioners hereto attached, and recorded in the journal of proceedings of the board of commissioners"; also, the notice that, pursuant to those proceedings, said defendant Sloan, road supervisor of the district wherein said road is established, had been ordered to open and work the same from and after sixty days from the date of said order, in accordance therewith.   A copy of which petition, report, resolution, notice, etc., was attached to the complaint as exhibits, to be part thereof.   And the plaintiff proceeds to allege: That pursuant to those proceedings the defendant board of county commissioners and said road supervisor of that road district threaten and are about to open a public highway through the described tract of land of plaintiff for the distance of one mile, "one-half mile of which will pass through said land diagonally, and the same will appropriate about six acres thereof for said road, compelling plaintiff to build fence a distance of a mile and a half, at a cost of two hundred and eighty-eight dollars"; thereby rendering valueless, for farming purposes, thirty acres of said land, which is of great value to plaintiff, and that he will thereby also suffer great and irreparable injury and damage to all of his premises.   That the proposed opening of said road by defendants, and the pretended notice, and all the proceedings upon which the order for opening said road is based, are null and void, and without any force and effect, for various alleged causes, which are specifically enumerated in the complaint.   Such of these alleged grounds for avoiding said proceedings as are relied on by appellant to support his complaint on this appeal will be set forth and considered further along in

this opinion. Upon the filing and presentation of the complaint
to the judge of the district court within and for said county,
together with the usual bond in such cases, a temporary
injunction was by the court granted, forbidding the opening
of said road until otherwise ordered by court. Thereafter,
defendants appeared, and demurred to the complaint on the
ground that it failed to state facts sufficient to constitute a
cause of action, and such demurrer was, upon consideration,
sustained.    Consequently, the temporary injunction, being
without support, was dissolved.    Plaintiff declined to amend
his complaint, and judgment of dismissal of the action, with
costs against plaintiff, was therefore entered, from which judg-
ment and order dissolving the injunction this appeal is brought
up by plaintiff.

It is apparent from the record and briefs of counsel that
the demurrer was sustained because, in the opinion of the
court, the complaint, with the exhibits thereto, shows that the
county commissioners had proceeded regularly, and according
to the provisions of statute, in the matter of ordering said
road opened, as far as that proceeding had gone before injunc-
tion issued.    With this premise, we proceed to examine the
claims on which plaintiff's counsel insist that the proceedings
for opening said road are void, as specified in the complaint
and their brief.

It is several times averred in the complaint that the pro-
posed road is not sufficiently described in the proceedings for
opening the same; but nowhere, either in the complaint or
brief, is there specification of defect or error in such descrip-
tion.    The proposed road appears to have been sufficiently
described to enable plaintiff to make a verified allegation in his
complaint that said road "runs through plaintiff's said land
a distance of a mile, and for a distance of half a mile, runs
through said land diagonally"; that such road will appropriate
about six acres of said land, and compel plaintiff to build a
mile and a half of fence, at a cost of two hundred and eighty-
eight dollars.    It seems that plaintiff was able to deduce from
the description of said road such exact *data* as to its proposed
location and effect on his premises, and all this appears
to be directly and readily deducible from the description of

said road given in the various exhibits attached to plaintiff's complaint. That description, as given in the notice of the road supervisor that he would proceed to open said road as directed by said board of commissioners, and work the same sixty days after the date of said order, reads as follows: "Beginning at the N. W. cor. of the N. E. ¼ of sec. 22, T. 1 N., R. 2 E., and run 2,643 feet S. on the quarter line of said sec. 22; thence, in a S. W. direction, to a point on the south line of sec. 22, 1,698 & 8/10 feet east of the southwest corner of said sec.; thence, on same course south, 18 degrees 39 minutes west, 386 & 7/10 ft.; thence south, 10 degrees 45 minutes west, 4,195 & 3/10 ft.; thence south, 42 degrees 40 minutes west, 1,125 & 5/10 ft., to southwest corner of section 27, T. 1 N., R. 2 E.,—in Gallatin county, state of Montana." If this description is not sufficient, plaintiff has failed to specify the points wherein he has discovered defects or uncertainty.

There is also an objection that the petition for the opening of said road did not accurately describe the same, and furthermore, that the road, as finally ordered opened, after report of the viewers, and consideration of the question of opening such road, deviated somewhat from the description in the petition therefor. It is not unlikely that after report of the viewers, and consideration by the county commissioners of the question of opening such road, some deviation from the original proposed location, as set forth in the petition, might be made. Nor has any provision of law been cited, or any reason suggested, forbidding such an exercise of discretion on the part of the public agents charged with the duty of establishing public highways. Such objection seems to be without force. Besides, in this case, the variation between the petition and final order for opening the road does not appear to be very great.

It is further contended that the proceedings of the county commissioners in this matter did not show that the viewers appointed were qualified "as householders of said county," as provided by statute. The resolution of the board of county commissioners authorizing the opening of said road, a copy of which is attached to the complaint, recites "that, in accordance with the order of said board of county commissioners, made March 14, 1893, appointing three persons, who possess the

statutory qualifications, as a board of viewers, and fixing the time for their view, the said road is established, and ordered opened." Such is the affirmance of the resolution of the county commissioners as to the qualification of the road viewers appointed in that behalf. Plaintiff does not allege in his complaint, or assert in the brief of his counsel, that either of said viewers were wanting in the qualifications required by law; but confines his objection to the point that the commissioners did not record in their proceedings that the viewers possessed the statutory qualification, which is evidently a mistake, as shown by the resolution of the board of county commissioners.

Again, it is alleged in the complaint, and contended on this appeal, that said proceedings of the board of county commissioners are void because two of said road viewers were brothers-in-law, and one of them a petitioner for the opening of said road. This is the only objection found in the case which appears to be of any force. It is of paramount importance, as a safeguard to the administration of justice, that those appointed and empowered to decide upon the rights of parties involved in controversy should be disinterested and unbiased; and probably, even in the opening of a public highway, the better rule would exclude from the viewers those who petition for, as well as those who oppose, the opening of the same. But inasmuch as no statute is violated in appointing a petitioner, and inasmuch as the action of the viewers is neither final nor controlling, but their recommendation, at most, is advisory to the board of county commissioners, subject to be objected to, contradicted, and disregarded by the board of commissioners, in its final consideration, and, on the vital question of damage by reason of opening such road, the parties have a right to demand that the same be submitted to a jury, and to appeal to the district court, if dissatisfied, we think, in view of these conditions, the objection that the petitioner was also a viewer is not sufficient to avoid the proceedings. The fact that two of the viewers were related to one another, as brothers-in-law, does not, in our opinion, amount to ground of exception. Jurors sitting in the trial of a cause may be related, and yet

that fact is not disqualification, if they are not related to either party to the controversy.

A further objection urged against these proceedings is that neither the report of the viewers nor the order directing said road to be opened  designated the width of the proposed road. The statute on this subject provides that "all public highways hereafter laid out in this state shall be sixty feet in width, unless otherwise ordered." (Comp. Stats., div. 5, § 1822.) In this proceeding it was not otherwise ordered as to the width of said road, and therefore its width is fixed by law; and there is no presumption that the supervisor would depart from the requirement of the law, nor is it alleged that he threatened or was about so to do.   The petition asked for the opening of a road sixty feet wide, and finally, after the viewers' report was brought in and considered, the commissioners ordered the supervisor to give the notice required by law, and to open said road.   There is no force in the objection that the proceedings did not specifically require that the road be sixty feet wide, inasmuch as the law fixed that width for this road, where the proceedings were silent on that point.

It is further objected that the board of commissioners did not, in its proceedings, make findings of certain facts in detail, namely, that the petitioners for said road were citizens of the United States or of Gallatin county, or that they lived in the vicinity of said proposed road, or that the road would be a public convenience or of public utility, or set forth the names of the parties whose property would be affected by the opening of such road.   It is not affirmed that any required fact was wanting in the respects just enumerated, but the criticism is that these facts were not recorded in detail in the proceedings of the board of commissioners.   We find no statute requiring that the petitioners for the opening of a road must be citizens of the United States or the county, nor is there any citation of law to that effect.   But the petitioners, in their petition for said road, represented themselves as citizens of the United States, " householders of the county of Gallatin, in the state of Montana, and that they reside in the vicinity" of said proposed road.   How was this plaintiff injured by the lack of recording

the names of the persons affected by the opening of said road, or other details mentioned in the objection of plaintiff last above stated? The statute does not require the recording of those facts, nor is there any affirmation of a failure to give the notice required by statute in these proceedings to persons interested or affected by the opening of said road. Moreover, some of these objections contradict the record. For instance, the report of the viewers recites that they found "said road to be practicable, and of public utility and necessity." It appears, also, that the county commissioners, on consideration, adopted said report. We find no merit in the last-mentioned objections.

It is further alleged that "the viewers did not cause a survey and plat of the proposed road to be made by the county surveyor, or other competent person, as required by law." This allegation is contradicted by another part of the complaint; for in the exhibit of the report of the road viewers, which plaintiff attaches as part of his complaint, a survey and plat are referred to as follows: "The plat of said road, survey, and report of the surveyor is hereto attached, and made part of this report." Also the resolution of said board of county commissioners requiring said road to be opened, and awarding the estimated damages to plaintiff, contains a reference to the survey and plat of said road, as follows: That on the seventh day of June, 1893, the board of county commissioners proceeded to consider the report of the road viewers, and all objections thereto, "and that it then and there determined to open said road as a county road, and accordingly caused the full and final report of the viewers aforesaid, and plat thereof, to be recorded in the office of the county clerk of said county, in the book kept for that purpose." It is not alleged that no survey and plat of said road accompanied these proceedings, as mentioned. The allegation of plaintiff is that the viewers did not cause a survey and plat to be made "as required by law." This is pleading a conclusion of law, for it is not specified wherein the survey and plat, mentioned in the exhibits to the complaint as having been made, failed to conform with the provisions of law, nor is any such defect pointed out in the argu-

ment.  We find no error in the ruling of the trial court.  It is therefore affirmed.                                    *Affirmed.*

PEMBERTON, C. J., and DE WITT, J., concur.

### ON REHEARING.

Per CURIAM.—Appellant's motion for rehearing, filed herein, is largely a repetition of the former treatment of the case, as presented by the briefs in the original hearing.  The province of a petition for rehearing is to call attention to controlling facts or authorities which were overlooked, or not given their proper force and effect, in the determination of the case.  The only new matter appearing in this motion for rehearing are some bitter complaints against section 1821 (Comp. Stats., div. 5) of the road law, as being incompatible with American ideas of justice, and repugnant to those rights vouchsafed by our constitution, in that said section provides that, if the owner of land over which a road is laid out by order of the proper public agents feels dissatisfied with the damages awarded him by the viewers and county commissioners he must petition the board of county commissioners for a " way" to ascertain the compensation to which he is entitled by reason of the damage suffered in the premises.  This is a misinterpretation of that section.  By a reference to the original act on file in the office of the secretary of state it is found that the word "way," as printed in said section, is "jury."  The context of that section also shows that undoubtedly the word "jury," in place of the word "way," was the intention of the framers of the road law. The insertion of the word "jury" in place of the word "way," as printed in section 1821 of the road law, would remove the discomforture so bitterly complained of by appellant in this respect.  Moreover, if he was dissatisfied with the damage awarded (which appears to have been the case, as shown by his brief originally filed), he was not limited to the jury mentioned in section 1821, to ascertain the damage.  By provisions of the same act he is given the right of appeal to the district court to ascertain and recover the damage suffered, but such remedy appears to have been neglected.  Motion for rehearing ought to be overruled.