PAGEL, APPELLANT, *v.* THE BOARD OF COUNTY COMMISSIONERS OF FERGUS COUNTY ET AL., RESPONDENTS.

[Submitted February 19, 1896. Decided March 9, 1896.]

COUNTY ROADS—*Proceedings to establish.*—While technical strictness in observing statutes regulating proceedings for opening county roads is not always necessary, a substantial compliance with the law should be required, and where the description of the proposed road as given in the petition and viewer's report conflicted with the description in the plat of the road as to the initial point, and there was no certainty as to the terminus, and the order of the commissioners establishing it as a county road merely referred to a road in a certain section, but identified no particular road in any way, the whole proceedings were so indefinite that no jurisdiction was conferred on the commissioners to act in the premises. (*Crowly* v. *Commissioners of Gallatin County,* 14 Mont. 292, distinguished.)

SAME—*Regularity of proceedings—Waiver—Injunction.*—In an action to enjoin the opening of a county road through plaintiff's premises for irregularities in the proceedings establishing the road, the fact that plaintiff had consented to having a private road established over his land, cannot be construed as a waiver of the irregularities in the establishment of the public road.

*Appeal from Tenth Judicial District, Fergus County.*

INJUNCTION to restrain the opening of a county road. Defendant's motion to dissolve the temporary injunction was granted by DU BOSE, J. Reversed.

Statement of the case by the justice delivering the opinion.

Plaintiff, it is alleged, owns the E. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ and the W. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of section 18, and is in the lawful possession of the E. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of said section, all in township 13 N., range 12 E., in Fergus county.   In June, 1894, plaintiff commenced this suit to enjoin the defendants from opening and maintaining a road through and across his said land.   A temporary injunction was issued, which was afterwards vacated and dissolved by the court, on motion of the defendants.   From the order dissolving the injunction, this appeal is prosecuted.

*W. M. Blackford* and *F. E. Stranahan*, for Appellant.

*Henri J. Haskell*, Attorney General, and *Ella K. Haskell*, for Respondents.

PEMBERTON, C. J.—The principal contention on this appeal is that the road sought to be established over plaintiff's land is not sufficiently described in the petition therefor, in the report of the viewers, the order of the board declaring it a road and ordering it opened, or in any other proceeding or respect to give the board jurisdiction to condemn part of plaintiff's land for the purpose of establishing said road.

The description of the proposed road in the petition is as follows :   "Beginning at a blazed tree on the Judith river, on the east line of S. W. $\frac{1}{4}$ of section 18; thence running through the N. W. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ of section 18, township 13 N., range 12 E."

The description in the viewers' report is as follows:   "Beginning at a blazed tree on the Judith river, on the east line of S. W. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ section 18, township 13 N., range 12 N.; thence in a northerly direction, to county road."

The plat filed with the report shows the road to begin on the east line of N. W. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of said section; that is, it begins by the plat at a point on the east line of a different subdivision of plaintiff's land from that mentioned in the petition, and running thence to a point not designated on the county road.

On December 4, 1893, the board of commissioners made the following final order in relation to opening this road: "County Road. The matter of the road running through section 18, township 13 north, of range 12 east, was taken up, viewers' report read and accepted, and declared a county road."

The notice that the supervisor would open the road contains the same description of the road as that in the petition.

The description of the road in the petition, it will be observed, states that the road is to begin at a blazed tree on the east line of the S. W. ¼ of the S. E. ¼ section 18, but at what point on said east line the tree is located is not stated. The road is to run thence through the N. W. ¼ of the S. W. ¼ of said section, a different subdivision of the section from the one on the east line of which the road is to begin. Through what part of this subdivision of section 18 the road is to run, or in what direction, is not shown by the petition.

The viewers' report states that the road is to start from the same point named in the petition, but the plat filed with the report shows a different starting point; that is, from a blazed tree on the east line of a different subdivision of section 18 from that named in the petition or viewer's report.

The description of the proposed road in all these papers, it seems to us, is uncertain and indefinite in every essential particular. The description in the petition and viewers' report conflicts with the description in the plat of the road as to the beginning point. There is absolute uncertainty and indefiniteness as to the terminus of the proposed road. It is to run northerly to the county road, the point of intersection not being designated. But, if the description of the proposed road were sufficient, what order of the board was ever made establishing it as a county road, and ordering it opened as such? The only pretense of such order is found in the minutes of the board in these words: "County Road. The matter of the road running through section 18, township 13 north, of range 12 east, was taken up, viewers' report read and accepted, and declared a county road." This order, if "order" it may be called, is absolutely indefinite. It refers simply to a road in

section 18.    The particular road is not in any way identified. Plaintiff did not own all of section 18.    There may have been a number of other roads, or petitions for roads, or viewers' reports concerning roads in section 18.    And, besides, there is no order to anybody or authority contained in this minute of the board to open this or any other road in section 18.

Section 1818, Division Five of the Compiled Statutes, 1887, requires the commissioners, after considering the report of the viewers, to order the road to be opened for travel, if they think it should be done.    But in this case there is no such order.    We think all the proceedings in this case, as shown by the record, are too indefinite and uncertain to support the conclusion that the commissioners ever had jurisdiction to make an order, or ever did make an order, condemning any part of plaintiff's land for use as a public road.    While it may be true that, in such proceedings, technical strictness in complying with the statutes is not always required, yet we think a substantial compliance with the law is and should be required before private property is condemned for public use.    In this case this has not been done.    We think the proceedings in the case were void for the reason that they were so indefinite as not to confer jurisdiction on the commissioners to act in the premises.

It is contended that the plaintiff waived all these defects or irregularities by consenting to having a private road established over his land.    The plaintiff could not give the board jurisdiction of the subject matter of this proceeding by consent.    Consenting to have a private road over his land cannot be construed to be a waiver of anything in an effort to establish a public road over plaintiff's land against his consent.

This case is widely distinguished from *Crowley* v. *Board*, 14 Mont. 292.    In that case there was a sufficient description of the proposed road, as well as order to open the same.

For the reasons given above, we are of the opinion that plaintiff was entitled to an injunction to restrain the opening of said proposed road over his land.    It therefore necessarily follows that the court erred in dissolving the injunction issued

in the case.    The order dissolving the injunction is therefore reversed, and the cause remanded, with instructions to over-rule the motion to dissolve the same.

*Reversed.*

DE WITT and HUNT, JJ., concur.