State ex rel. Limmix and another, Appellants, vs. Supervisors of the Town of Clyde, Respondents.

*November 10—December 4, 1906.*

*Highways: Establishment: Prior application: Validity: Location: Variation from route in application: Joint meeting of town boards.*

1. Under the limitation of sec. 1283, Stats. 1898 (providing that the determination of the supervisors of any town in refusing to lay out any highway shall be final for the term of one year after making of such determination, and that no application for laying out any such highway shall be again acted upon within said term of one year), the first application must have been a valid application—one upon which a legal highway could be laid out.

2. On *certiorari* to reverse the action of a town board in laying out a highway, one ground alleged was that a previous application had been made to lay out the same highway, which had been denied within one year prior to action on the instant application. It appeared from the return that petition and notice of meeting under the first application had described the proposed highway as commencing at the intersection of a designated road and the "north line of the southeast quarter of the *north-*

*east* quarter" of a certain section; that the starting point in the second application was the intersection of the same designated road and the "north line of the southeast quarter of the *northwest* quarter" of the same section; that the designated road ran along the west line of the southeast quarter of the *northwest* quarter of such section, but nowhere touched the *northeast* quarter, and that the first application was denied because of this defect in the petition and notice. *Held*, that the petition and notice were jurisdictional papers in an adversary proceeding, must substantially comply with the calls of the statute in order to authorize action by the town board, and, although a careful reading of the application and notice might induce one to believe a mistake had been made in naming the quarter section, that the supervisors had no jurisdiction to lay out the highway in question under the first application and notice.

3. In such case the refusal of the town board to act under the first application and notice did not amount to a refusal to lay out the highway or a decision against the application under either sec. 1269 or sec. 1283, Stats. 1898.

4. Where the location of a highway as laid out varies from the route proposed in the application and notice, but the variation is not so great as to make it a materially different highway, in the absence of any showing to the contrary it will be presumed that the variation was reasonable and required by the interests of the public.

5. At the time fixed in the notice of hearing upon an application to the town board of C. to lay out a highway which would connect with one proposed to be laid out in the adjoining town of W., the town board of C. met and held a joint meeting with the town board of W. On *certiorari* to review the order laying out the proposed highway the record simply stated that the two boards met together to consider the application, and did not show that action was taken by the joint body, but on the contrary stated that after such consideration the road in question was laid out by the town board of C. *Held*, that a judgment of affirmance of the action of the town board of C. was right.

APPEAL from a judgment of the circuit court for Iowa county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

For the appellants there was a brief by *James E. O'Neill, Richard Carter,* and *Fiedler & Fiedler,* and oral argument by *E. C. Fiedler.*

. *J. P. Smelker,* for the respondents.

WINSLOW, J. This is an action of *certiorari* brought to reverse an order of the defendant supervisors laying out a highway, and the relators appeal from the judgment affirming the order of the supervisors. Three contentions are made by appellants which will be briefly considered.

1. It is claimed that a previous application to lay out this same highway was denied by the supervisors within one year prior to action upon the present application, and hence that, under sec. 1283, Stats. 1898, the supervisors had no power to lay out the highway. If the fact be as claimed the conclusion undoubtedly follows, but the previous application must of course be a valid application, *i. e.* one upon which a legal highway could be laid out. It appears by the return that the alleged previous application described the proposed highway as commencing in the center of a certain highway in the town known as the Dodgeville road, "where it crosses the north line of the southeast quarter of the *northeast* quarter" of section 7, and that the notice of the meeting of the supervisors to decide upon such application stated that they would meet at the starting point of the proposed highway as so described. It further appears that the starting point of the highway, as prayed for in the second application and as actually laid out, was described as a point "in the Dodgeville road on the north line of the southeast quarter of the *northwest* quarter of section 7." The Dodgeville road runs north and south on the west line of the southeast quarter of the *northwest* quarter of section 7, and nowhere touches the *northeast* quarter. So the first application named as the starting point of the proposed highway not only a point which had no existence, but which, if it had existence, must be at least half a mile distant from the starting point of the highway proposed to be laid out under the second application. It appears by the record returned that the supervisors declined to act on the first application because of this defect in the petition and notice. The appellants now claim, however, that

it was clearly apparent by the description of the proposed highway in the first application and the courses and distances that the word "northeast" was mistakenly inserted for "northwest," that the mistake could deceive no one, and hence that the petition and notice were sufficient to enable the supervisors to act thereon and lay out substantially the highway which they did finally lay out under the second application. We have been unable to take this view. The petition and notice are jurisdictional papers in an adversary proceeding. They must substantially comply with the statute in order to authorize action by the supervisors. All parties interested adversely to the proceeding had a right to demand that the notice should plainly state where the supervisors would meet to consider the application. A notice that the meeting was to be held in a quarter-section half a mile distant from the actual meeting place cannot be safely regarded as a compliance with this requirement, even though it be possible that careful reading might induce one to believe that a mistake had been made in the naming of the quarter-section. We think, therefore, that the supervisors had no jurisdiction to lay out the highway in question under the first application and notice, and hence that their refusal to act thereon did not amount to a refusal to lay out the highway or a decision against the application under either sec. 1283 or sec. 1269, Stats. 1898.

2. It appears that the highway as proposed in the second application was to cross in an irregular course three forty-acre tracts in the town of *Clyde* and then connect with another proposed highway in the adjoining town of Wyoming, as to which proceedings to lay the same out were pending at the same time, so as to make a continuous road. The supervisors decided not to follow the proposed course through the middle forty-acre tract, but varied it a considerable distance to the north, and it is claimed that they had no power to make this variation. This court held in *Neis v. Franzen,* 18 Wis. 537, that upon an application to alter a highway the

supervisors are not necessarily confined to the precise route named in the application, but might, if satisfied that the public interests so required, make a reasonable variation from such proposed route. The same principle has been applied to a proceeding to lay out ,a drain with the proviso attached that the variation shall not depart so far as to constitute materially another and different line. *Donnelly v. Decker,* 58 Wis. 461, 17 N. W. 389. The change here was not so great as to constitute the highway actually laid out a materially different highway from that named in the application. In the absence of any showing to the contrary it must be presumed that the variation was reasonable and required by the interests of the public.

3. It appears by the record that at the time fixed in the notice the supervisors met at the place fixed in the notice and held a joint meeting with the supervisors of the town of Wyoming to consider such application and that afterwards they decided to lay out the highway. It is said that the statute does not authorize a joint meeting, and that the fact that such a meeting was held vitiates the proceeding. It is true there is no statute authorizing the two boards to meet jointly. Had it appeared that the two boards acted as one body in deciding the application there would be grave doubt whether the decision could be sustained, because the town board of the town of *Clyde* alone has the power to lay out the highway. But it does not so appear. The record simply states that the two boards met together to consider the application. This was natural, because proceedings were then pending to lay out the balance of the proposed highway in the town of Wyoming, and, unless that was also laid out, the highway in the town of *Clyde* would be of no value. It was entirely proper for the defendant supervisors to ascertain whether the Wyoming part of the highway was in fact to be laid out, and it seems quite obvious that this was the purpose of the joint consideration. The record does not, however, show that action was taken by

the joint body. On the contrary, it states that after such consideration the road was in fact laid out by the town board of the town of *Clyde*. The judgment of affirmance was therefore right.

*By the Court.*—Judgment is affirmed.