### YEATTER *v.* MYERS.

HIGHWAYS AND STREETS—LAYING OUT HIGHWAY — SUBSTANTIAL COMPLIANCE WITH COURSE DESCRIBED SUFFICIENT — DEVIATION PERMISSIBLE.

> A township highway commissioner, in laying out a highway under 1 Comp. Laws 1915, § 4289, is not bound to follow the exact course described in the petition therefor, but may deviate therefrom if natural obstructions are encountered which render it practically necessary to do so; substantial compliance with the course described being sufficient.

Appeal from St. Joseph; Johnson (Clayton C.), J. Submitted October 18, 1927.   (Docket No. 27.)   Decided January 3, 1928.

Bill by Jonathan Yeatter and another against N. L. Myers, highway commissioner of Colon township, to

Highways, 29 C. J. § 132.

enjoin the construction of a highway. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*J. Paul Wait*, for plaintiffs.

*Cowell & Frankhauser*, for defendant.

NORTH, J.     This case involves only the question of law as to what right, if any, a township highway commissioner in laying out a highway has to deviate from the exact course described in a petition therefor. This necessitates a construction of section 4289, 1 Comp. Laws 1915.     The defendant, as highway commissioner of Colon township, St. Joseph county, was properly petitioned to lay out a highway along the east and west quarter line of section 23.     This line for a distance of 80 rods constitutes the northerly boundary of land owned by plaintiffs, and extends through a pond hole located partially on plaintiffs' land and near the northeast corner thereof.     On the day of the hearing it developed that the plaintiffs had no objection to the highway being constructed along said quarter section line; but the plaintiffs did object when it was announced by the highway commissioner that he proposed to deviate to the south from the true quarter section line, and construct the highway past the southerly edge of the pond hole and over adjacent low land belonging to the plaintiffs.     By this change the highway would angle south about 4 rods, then parallel the quarter line 121 feet, and then angle back to the quarter line.     The commissioner claimed this was a more practical and economical location for building the highway.     It was then and is now contended by plaintiffs that the highway commissioner had no authority or discretion vested in him which authorized him to construct a highway except upon the exact line described in the petition.     The defendant asserts that he has authority within reasonable limits to ascertain

and determine the practical route of the portion of the highway in question. The circuit judge sustained the contention of the highway commissioner; and the plaintiffs, who seek by their bill of complaint to have the highway commissioner restrained from constructing the highway other than on the quarter section line, have appealed.

It is stated in counsel's brief that this exact question has not been decided before in this State. Notwithstanding this, there is in our statutes and decisions so much that is indicative of the rule of law applicable that it hardly seems necessary to seek authority in other jurisdictions. Obviously, if the legislature had intended that no discretion should be vested in the highway commissioner as to the location and manner of construction of a highway, it would have required by statute that the petition for opening a new road should describe its course with exact accuracy. Instead, it is provided (1 Comp. Laws 1915, § 4289):

"In applications for laying out or altering a highway, the route along which the road is proposed to be laid, or the extent to which its route is proposed to be changed, shall be described in *general terms.*" * * *

In *Page* v. *Boehmer,* 154 Mich. 693, 696, Justice BLAIR quoted with approval:

" 'If places are designated which will enable persons familiar with the locality to locate the way with reasonable certainty, the description will be deemed sufficient.' Elliott on Roads and Streets (2d Ed.), § 337."

The portion of this statute providing for laying out highways between adjoining municipalities expressly provides that the commissioners "acting jointly in laying out any line road may, if they consider it necessary to avoid any obstruction, or for any other good cause, deflect the line thereof from the boundary line," etc.;

and it is still deemed to be "a line road." 1 Comp. Laws 1915, § 4300. Evidently it was assumed if the road was not on the line of adjoining municipalities the commissioner would possess the right to "deflect the line" without express statutory authority.

Our statute for laying out highways in many respects is similar to that for laying out drains. For many years, though not at present, the drain law (2 Comp. Laws 1897, § 4319) required that the petition give "a general description of the beginning, the route and the terminus." Numerous cases have held "a general" description of the route was sufficient. *Brady v. Hayward,* 114 Mich. 326, 331; *Hinkley v. Bishopp,* 152 Mich. 256, 261; *Ranney Refrigerator Co. v. Smith,* 157 Mich. 302, 304. And further, under this statute, it has been held:

"It is left for him (the drain commissioner) *to ascertain and determine the practical route and termini.*" *Hauser v. Burbank,* 117 Mich. 463, 467.

There is no logical reason why, under our present highway statute, it should not likewise be left to the highway commissioner "for him to ascertain and determine the practical route." Any other interpretation of the statute, under certain circumstances, would render construction of a highway difficult, if not impossible. There is an abundance of authority in other jurisdictions sustaining the conclusion that while the highway commissioners must adhere substantially to the route specified in the petition, still they are not bound to follow the same with exact precision. Slight variations in order to procure a more practical route are permissible. *People, ex rel. Cecil, v. Carman,* 69 Hun (N. Y.), 118 (23 N. Y. Supp. 386); *Richardson v. Frontier County,* 94 Neb. 27 (142 N. W. 528); *Neis v. Franzen,* 18 Wis. 537; *Crowley v. Gallatin County Com'rs,* 14 Mont. 292 (36 Pac. 313); *Johnson v. Town of Chisago Lake,* 122 Minn. 134 (141 N. W.

1115) ; *State, ex rel. Limmix,* v. *Clyde Township Sup'rs,* 130 Wis. 159 (109 N. W. 985) ; 1 Elliott on Roads and Streets (4th Ed.), § 437.

The decree of the circuit court is affirmed, with costs to the appellee.

FLANNIGAN, C. J., and FELLOWS, WIEST, CLARK, McDONALD, BIRD, and SHARPE, JJ., concurred.