WARREN, APPELLANT, *v.* CHOUTEAU COUNTY, RE-
SPONDENT.

(No. 6,279.)

(Submitted March 7, 1928.   Decided March 17, 1928.)

[265 Pac. 676.]

*Quieting Title—Highways— Illegal Establishment—Remedies—*
*Jurisdiction—Record of Board of County Commissioners—*
*Prescription—Trial—Agreed Statement of Facts—Appeal.*

Highways — Illegal Establishment — Quieting Title Proper Remedy —
Reason.
1.   The remedy provided by law (sec. 1614, Rev. Codes 1921) for
vacating or abandoning a road lies only where the road has been
lawfully established; therefore a land owner who seeks to have his
title to land over which a road has been illegally extended, quieted
in him may not be denied relief on the alleged ground that his
remedy lies in an action to vacate the road under the above section.

Agreed Statement of Facts has Effect of Findings, on Appeal.
2.   An agreed statement of facts upon which a cause was submitted
has the effect of findings of fact on which the judgment is pro-
nounced, and on appeal the supreme court will go no further than
to ascertain whether the trial court drew the correct inferences
from the stipulated facts; a conclusion contrary thereto vitiates
the judgment.

Highways—Prescription—When Doctrine Inapplicable.
3.   A road may not be held to have been established by prescrip-
tion where it is made to appear that it was never traveled by the
general public.

Same—Grant of Right of Way Over Public Domain—Acceptance by
Construction Necessary.
4.   Under section 2477, United States Revised Statutes, a grant
of a right of way for highway purposes over public domain does
not become operative until accepted by the public by the con-
struction of a highway according to the provisions of state law.

Appeal—Right Result Reached, Wrong Theory Therefor Immaterial.
5.   Where the right result was reached by the trial court it is
immaterial that it adopted a wrong theory in reaching it as shown
by its opinion accompanying its decision.

Highways—Petition for Establishment—When Sufficient, on Collateral
Attack, on Ground That Signers not Qualified.
6.   A petition for the establishment of a highway will be held
sufficient as against collateral attack by way of an action to quiet

3.   Establishment of highways by prescription, see note in 57 Am.
St. Rep. 744.   See, also, 13 R. C. L. 37.
5.   See 2 Cal. Jur. 809; 2 R. C. L. 189.
6.   See 13 Cal. Jur. 327, 328.

title to the land covered by the highway, on the ground that the signers of the petition were not qualified, if their qualifications appear either from the petition, from the record of the county commissioners' proceedings or from the evidence adduced on a hearing before the board.

Same — Petition for Establishment — Qualifications of Signers — What Record of Board of County Commissioners must Show—Jurisdiction—Presumptions.

7. Where a petition is presented to the board of county commissioners for the establishment of a highway, it acquires jurisdiction only if the petition is signed by the requisite number of qualified persons, and in order to sustain its action in establishing the highway, the record of its proceedings must show the jurisdictional facts in one of the three ways referred to in paragraph 6 above, no facts being presumable in aid of its jurisdiction, and the question of validity may be raised whenever the record is used as an instrument of evidence.

Same—Failure of Record of County Commissioners to Show Determination of Qualifications of Signers of Petition Fatal to Establishment of Road, When.

8. At the time a highway was claimed to have been established on petition, the law required the signatures of ten freeholders of the road district, taxable for road purposes (sec. 2750, Pol. Code 1895). The petition recited that the signers were citizens and taxpayers of the district. In an action by a land owner to have his title to land covered by the highway quieted in him, the record of the commissioners did not show that the board determined that the petitioners were freeholders or that a hearing was had to determine their ownership of real property in the district. No formal order establishing the road was ever made. The road was never traveled by the general public and no funds had been expended thereon. *Held*, that the road was not legally established and that plaintiff was entitled to judgment.

---

[1]   Quieting Title, 32 Cyc., p. 1310, n. 25.
[2]   Appeal and Error, 4 C. J., sec. 2543, p. 653, n. 82.
[3]   Highways, 29 C. J., sec. 5, p. 373, n. 1.   Quieting Title, 32 Cyc., p. 1377, n. 61.   Trial, 38 Cyc., p. 1935, n. 62.
[4]   Public Lands, 32 Cyc., p. 932, n. 31.   Quieting Title, 32 Cyc., p. 1343, n. 56.
[5]   Appeal and Error, 4 C. J., sec. 2557, p. 663, n. 92.   Highways, 29 C. J., sec. 197, p. 502, n. 66.
[6]   Highways, 29 C. J., sec. 69, p. 418, n. 67, 68; sec. 77, p. 423, n. 25.
[7]   Highways, 29 C. J., sec. 67, p. 417, n. 49; sec. 143, p. 464, n. 83; sec. 155, p. 471, n. 6.
[8]   Highways, 29 C. J., sec. 197, p. 502, n. 66.

*Appeal from District Court, Chouteau County, in the Twelfth Judicial District; W. H. Meigs, a Judge of the Eighth District, presiding.*

ACTION to quiet title by J. Y. Warren against Chouteau County. From a judgment of dismissal plaintiff appeals.

Reversed and remanded, with direction to enter judgment for plaintiff.

Mr. *Vernon E. Lewis,* for Appellant, submitted a brief and argued the cause orally.

Mr. *L. A. Foot,* Attorney General, and Mr. *C. N. Davidson,* Assistant Attorney General, for Respondent, submitted a brief; Mr. *Davidson* argued the cause orally.

We contend that the proceedings to establish the highway were in all respects regular and that all presumptions should be indulged in favor of them after the lapse of thirty years.

Where jurisdiction appears, it will be presumed in aid of the order that every fact necessary to its validity existed and that all necessary preliminary steps were taken. (*Carron* v. *Clark,* 14 Mont. 301, 36 Pac. 178; 29 C. J. 468.) This is especially true after lapse of time or after there has been a user of the highway. (*Quinn* v. *Baage,* 138 Iowa, 426, 114 N. W. 205; *Weld County* v. *Ingram,* 31 Colo. 319, 73 Pac. 37; 29 C. J. 382, 468.)

It appears from the statement that there has been some travel on this highway through appellant's premises all the years since 1896. The extent of the travel is immaterial, since it is the right to travel and not the exercise of the right that constitutes a way a public highway. If it is open to all who desire to use it, it is a public highway though it may accommodate only a limited portion of the public, or even a single family, or though it accommodates some individuals more than others. (13 R. C. L., sec. 4, p. 16.) Under the facts showing the road was not frequently traveled the inference is that the gates which were kept closed during all the time were erected in order to save the owner the expense of fencing the highway and not for the purpose of preventing its use. The most that can be said of the erection of gates is an acquiescence by the public and the public authorities in a partial obstruction of a highway for the convenience of the

occupant, but such obstruction is not evidence that the road was not open or that it was abandoned as such. (*McCarthy* v. *Whalen*, 19 Hun (N. Y.), 503, 508.)

No encroachment, however long, destroys the public easement. (*Shipston* v. *City of Niagara Falls*, 187 App. Div. 421, 423, 176 N. Y. Supp. 393.)

The rule relative to the discontinuance of highways is, "once a highway, always a highway," unless it is abandoned or vacated in due course of law; and the burden of showing a discontinuance, vacation or abandonment is on the party who asserts it. Where the statute prescribed the method, a highway may be discontinued only in the manner so prescribed. Mere nonuser does not prove abandonment of easement. (13 R. C. L., sec. 56, p. 62; *Lockey* v. *City of Bozeman*, 42 Mont. 387, 396, 113 Pac. 286; *Kelly Nail & Iron Co.* v. *Lawrence Furnace Co.*, 46 Ohio, 544, 5 L. R. A. 652, 22 N. E. 639; sec. 9018, Rev. Codes 1921.)

MR. JUSTICE MATTHEWS delivered the opinion of the Court.

The plaintiff, J. Y. Warren, has appealed from a judgment of dismissal entered in an equitable action brought to quiet title to certain lands owned by him and situated in Chouteau county as against a certain right of way for a county road, claimed by the county of Chouteau.

After issue was joined, the cause was submitted to the court, sitting without a jury, on an agreed statement of facts which superseded the pleadings and became the court's findings of fact. The undisputed facts on which the judgment of dismissal was entered are therefore substantially as follows:

The plaintiff is the owner of the tract of land described, and has been in the possession thereof since the year 1903. In 1896, seven years prior to plaintiff's acquisition of title, fourteen "citizens and taxpayers of road district No. 4" of Chouteau county, in which district the land is situated, petitioned the board of county commissioners to have "viewed, laid out,

and opened" a road "from the southern end of the 'Notting-
ham sawmill road' to a suitable point on McDonald creek in
the S. E. corner of said co. through the Highwood Mts." As
a description of the termini and course of the proposed road,
the petition recites that it "commences near the H. A. Notting-
ham's ranch; thence up the middle fork of Shonkin creek;
thence over the divide between Shonkin and McDonald creeks
to its terminus"; that it passes over the lands of Nottingham
and one Morrow, who will not claim damages, and thence over
government lands. It is evident that the Warren ranch was
government land at the time the petition was filed and acted
upon by the board.

On presentation, the petition was "allowed and viewers ap-
pointed." The viewers performed their duty, and reported to
the board in writing, which report was filed, and by the board
"accepted," and, by entry upon the back of the report, copied
into the proceedings of the board. The county surveyor was
"ordered to survey and plat said road." The order was com-
plied with, and the plat filed. This plat shows the course of
the road as surveyed across the Warren ranch.

The commissioners' proceedings disclose no order declaring
the road a public highway and ordering the road supervisor to
open it to the public. The road was never actually opened to
the public, and there never has been an open road across the
Warren ranch, but fences have been maintained across it at
various places, although there are gates in the fences at points
near where the road is supposed to cross the land.

The agreed statement recites that the road has never been
traveled by the general public, and the travel thereon has not
been sufficient to mark a trail over most of the distance where
it is supposed to traverse the lands of the plaintiff; that such
persons as have traveled the alleged road have done so on·
horseback or in a light buggy, and this has occurred on an
average of not more than four or five times a year.

It is further agreed that the county has never expended any
money whatsoever in working the road, and has never done any

work thereon, with the exception of a small amount of work on the divide before the road enters the plaintiff's land, which work was done approximately thirty years ago.

As to the qualifications of the signers, the petition, as well as the commissioners' proceedings, is silent, but it is agreed that the tax-rolls of Chouteau county show that three thereof were assessed on real property in 1895 and 1896, and five were assessed on personal property only, while four were assessed on personal property only in 1896, but not in 1895. One signer was assessed on personal property only in 1895, and on real and personal property in 1896. The tax-rolls further show that one of the signers assessed on real property in 1895 and 1896 was taxable on property located in road district No. 1, and not in road district No. 4.

It is agreed that the final proof record in the office of the assessor of the county shows proofs made by but four of the signers up to 1899, and the deed record shows that one of these deeded the same land on which he made final proof to an outsider in 1890.

While counsel for plaintiff and defendant have argued the question of road or no road at length, the trial court did not decide that question, as clearly appears from its order or "decision" dismissing the case. Therein the court adopts the agreed statement as its findings of fact, cites the statutory provisions applicable to the establishment of a highway by prescription, and concludes therefrom, as a matter of law, that a road is "open" to all persons desiring to use it, in spite of fences, if gates are left therein, and, if open to all persons desiring to use the road, it is immaterial how many or how few persons do actually use it. The court then canvasses the law on the subject of vacating and abandoning highways, and the procedure to be followed for that purpose, and declares that "it is elementary that equity will not interfere where the remedy at law is adequate," and decides that, although "taking a strict view of the facts agreed upon, a decision for the plaintiff, giving reasons therefor with citation of a number of

cases, could be made," this is an equitable action, and, in such a case, "no person or persons, be they occasional users or otherwise, should be foreclosed of any probable right without giving them an opportunity for their day in court." The court then holds, in effect, that the remedy provided by statute for the abandonment of a road is adequate, and the question of the legality of the road should be determined by the board of county commissioners in such a proceeding.

1. While it is true that a public highway, "once estab-
[1] lished," can only be abandoned "by operation of law, or by judgment of a court of competent jurisdiction, or by the order of the board of county commissioners," and no such order shall be valid unless preceded by due notice and hearing (sec. 1614, Rev. Codes 1921; *Barnard Realty Co.* v. *City of Butte*, 48 Mont. 102, 136 Pac. 1064), the proceeding which the court suggests as an adequate remedy at law lies only for the purpose of vacating or abandoning a road which has been lawfully established, and to require the plaintiff to resort to such a proceeding would be to compel him to admit that the grounds on which he contends there is no easement across his land do not exist, and to assert that a road once established is no longer necessary to the public convenience. If the court's position is sound, then a person situated as plaintiff alleges he is would have no redress where a road, necessary to the public, had been illegally extended across his land.

As the cause was submitted on an agreed statement of the
[2] facts, that statement has the effect of findings of fact upon which the judgment is pronounced (sec. 9372, Rev. Codes 1921), and our office on this appeal goes no further than to ascertain and determine whether the trial court drew the correct inference from the facts stipulated and rendered the proper judgment (*Read* v. *Lewis & Clark County*, 55 Mont. 412, 178 Pac. 177). A conclusion of law contradictory of the agreed statement is sufficient to vitiate the judgment. (*Birney* v. *Warren*, 28 Mont. 64, 72 Pac. 293.)

The only conclusion of law found in the court's decision,
[3]   other than those concerning the remedy by proceedings
to vacate an established public highway, that is, the conclusion
with reference to gates on a highway and the number of per-
sons necessary to constitute public travel, is based upon stat-
utes and decisions having to do with the establishment of a
highway by prescription.   Section 2603, Political Code of 1895,
provided in part: "No route of travel used by one or more
persons over another's land shall hereafter become a public
road or by-way by use, or until so declared by the board of
commissioners or by dedication by the owner of the land
affected."   This provision was carried forward to the Revised
Codes of 1907, and there appears as section 1340, and remained
the law until section 1340 above was repealed by the "Gen-
eral Highway Law" in 1913.   (Chap. 72, Laws of 1913.)

Section 2600, Political Code of 1895, declared that "all high-
ways * * * laid out or erected by the public, or now
traveled or used by the public, * * * are public high-
ways," but this provision, in so far as it applied to roads
thereafter traveled, was subject to the provision of section
2603, above.   Section 2600 was likewise carried forward to the
Revised Codes of 1907 as section 1337 thereof, which section
was likewise repealed by Chapter 72, Laws of 1913, but its
provisions were re-enacted as section 3 of the General High-
way Law of 1913, and now appears as section 1612 of the Re-
vised Codes of 1921.

From 1895 to 1913, therefore, a highway could not be estab-
lished by user alone, as an acceptance by the county authori-
ties was necessary (Barnard v. City of Butte, above) ; but, re-
gardless of whether the repeal of the above-quoted portion of
section 1340, Revised Codes of 1907, abrogated this rule, the
alleged road under consideration did not become a public
highway by prescription, since the agreed statement of facts
shows that the road, as claimed by the county across plaintiff's
land, was never traveled, and the trail through plaintiff's gates

"has never been traveled by the general public." (*Violet* v. *Martin,* 62 Mont. 335, 205 Pac. 221.) The court's conclusion to the contrary is in conflict with the agreed facts, and cannot stand.

Nor does the fact that section 1337, Revised Codes of 1907, was re-enacted in 1913 aid in supporting the judgment on this theory, owing to the same admission in the agreed statement. The road was not then traveled by the public, and could not be a highway unless it was legally established as such.

Further, it is immaterial that the lands now owned by [4] plaintiff were public domain at the time the road petition was presented and acted upon, as section 2477, United States Revised Statutes (43 U. S. C. A., sec. 932), but grants a right of way for highway purposes over the public domain, which grant does not become operative until accepted by the public by the construction of a highway according to the provisions of the laws of the state. (*Moulton* v. *Irish,* 67 Mont. 504, 218 Pac. 1053.)

The court therefore erred in holding that the action should be dismissed on the ground that plaintiff had an adequate remedy at law, or that a road was established by prescription, and the plaintiff had the right to rely upon failure of the county to establish the highway, if such was the fact, and to maintain this action, regardless of what public necessity demanded in regard to maintaining the road as a public highway. (*Moulton* v. *Irish,* above.)

However, the opinion of the trial court is merely suggestive [5] as to what may be a just determination of the case (*Porter* v. *Industrial Printing Co.,* 26 Mont. 170, 66 Pac. 839, 67 Pac. 67), and, if the right result was reached, it is immaterial that the court adopted a wrong theory in doing so (*Lee* v. *Laughery,* 55 Mont. 238, 175 Pac. 873; *State* v. *Rocky Mt. Elevator Co.,* 52 Mont. 487, 158 Pac. 818).

2. On the contention that the highway was not initially established as provided by law, the plaintiff first contends that the petition therefor was insufficient, in that it does not ap-

pear to have been signed by the proper number of qualified petitioners.

At the time the petition was presented, the law provided that "any ten freeholders of a road district, taxable therein for road purposes, may petition" for the establishment of a highway. (Sec. 2750, Pol. Code 1895.) It will be noted that the statute did not require the petition to recite that the signers thereof were freeholders or that their names should appear upon the tax-rolls of the county, but only that they be freeholders *taxable* in the district for road purposes.

By the showing made from the tax-rolls, the plaintiff did not, therefore, affirmatively prove that the petition was insufficient.

The question of the qualifications of the petitioners was for [6] the determination of the board of county commissioners before acting upon the petition, and, if found insufficient, it was their duty to reject the petition. It is therefore generally held that, where the record made of the proceedings to establish a road shows that testimony was taken on a hearing, and the board determined that the petitioners were qualified freeholders, the courts will not go back of that determination, but will presume the petition sufficient in this regard (*State ex rel. McPherson Bros. Co.* v. *Superior Court,* 103 Wash. 58, 182 Pac. 962; *Bewley* v. *Graves,* 17 Or. 274, 20 Pac. 322; *Humboldt* v. *Dunsmore,* 75 Cal. 604, 17 Pac. 710; see, also, *Crowley* v. *Commissioners,* 14 Mont. 292, 36 Pac. 313); in other words, the petition will be held sufficient as against a collateral attack such as is here made, at least if the qualifications of the petitioners appear either from the petition, from the record of the commissioners' proceedings, or from the evidence adduced on a hearing before the board. (29 C. J. 418.)

However, a board of county commissioners can only acquire [7] jurisdiction to establish a highway petitioned for upon presentation of a petition signed by the requisite number of qualified persons, and, in order to sustain the action of the

board, the record of its proceedings must show the jurisdictional facts in some one of the ways indicated. No facts can be presumed in aid of jurisdiction. (29 C. J. 464.) A petition not properly signed carries no presumption of validity. An order which recites nothing, but rests upon a petition which does not show validity upon its face, is void, and the question of validity may be raised whenever the record is used as an instrument of evidence. (*Thatcher* v. *Crisman,* 6 Colo. App. 49, 39 Pac. 887.)

Here the petition recites only that the signers are "citizens [8] and taxpayers of road district No. 4''; a "freeholder" is one who holds an estate in real property, either of inheritance or for life (sec. 6727, Rev. Codes 1921), while a "taxpayer" may be paying taxes on personal property alone. The record of the commissioners' proceeding is barren of even a suggestion that the board determined that the petitioners were "freeholders," or that any hearing was had at which evidence of the ownership of real property by the petitioners could have been introduced.

While a presumption of validity should be indulged in, especially after a lapse of thirty-two years, so far as apparent defects by reason of error committed within jurisdiction are concerned, we cannot presume that the board of county commissioners found that there were a sufficient number of qualified signers to the petition, in the absence from the record of any showing that the question was before the board.

The road was never actually opened to travel, and was never traveled by the general public, nor was there a formal order made by the board declaring it a public highway, as required in this state (sec. 2759, Pol. Code 1895; *Pagel* v. *Board of County Commrs.,* 17 Mont. 586, 44 Pac. 86), and it is not apparent that the board had jurisdiction to make such an order, had it done so.

Further alleged irregularities in the petition and the proceedings of the board need not be discussed.

Upon the record before us, we must hold that the highway in question was not legally established, and that, therefore, the plaintiff was entitled to the relief sought.

The judgment is reversed and the cause remanded to the district court of Chouteau county, with direction to enter a decree quieting title in the plaintiff as prayed for in his complaint.

*Reversed.*

Mr. Chief Justice Callaway and Associate Justices Myers, Stark and Galen concur.