PELLICH *v.* CITY OF FORDSON.

1. HIGHWAYS AND STREETS—EJECTMENT—BURDEN OF PROOF.
   Plaintiffs, in ejectment proceedings against a city, claiming
   ownership of land in front of their lots used as part of a public
   highway, have the burden of establishing their right thereto.

2. SAME—PRESUMPTION THAT TOWNSHIP FOLLOWED STATUTE IN
   ESTABLISHING HIGHWAY.
   Where the proof shows that a township, in laying out and
   establishing a highway, was operating under the so-called
   county road law (1 Comp. Laws 1915, §§ 4347–4377), it is
   presumed that it acted according to the provisions of sec-
   tion 4377, providing for townships to continue operating
   under said law, in the absence of proof to the contrary.

3. SAME—REGULARITY OF PROCEEDINGS MAY NOT BE QUESTIONED
   AFTER 11 YEARS.
   Under 1 Comp. Laws 1915, § 4307, the regularity of the pro-
   ceedings by which a highway was established may not be
   questioned, where it has been laid out, improved, and con-
   tinuously used for upward of 11 years.

4. SAME—PUBLIC'S RIGHTS IN HIGHWAY NOT AFFECTED BY TOWN-
   SHIP BOARD'S APPROVAL OF PLAT.
   The right of the public to hold land as part of a highway is
   not affected by the act of the township board in approving a
   plat in which some of the lots extended into the highway,
   since highways may be vacated only under the method pro-
   vided by statute or by nonuser.

5. SAME—VARIATION FROM COURSE DESCRIBED IN PETITION.
   That a highway as laid out varied slightly from the course
   described in the petition therefor in no way renders the pro-
   ceedings invalid.

6. APPEAL AND ERROR—QUESTIONS NOT RAISED IN TRIAL COURT NOT
   CONSIDERED.
   Questions which cannot be based upon assignments of error be-
   cause not raised in the court below will not be considered by
   the Supreme Court, although presented in appellants' briefs.

Error to Wayne; Moynihan (Joseph A.), J.   Submitted October 12, 1928.   (Docket No. 56, Calendar No. 33,926.)   Decided December 4, 1928.   Rehearing denied March 29, 1929.

Ejectment by Ziva Pellich and another against the city of Fordson.   Judgment for defendant on a directed verdict.   Plaintiffs bring error.   Affirmed.

*Ira J. Pettiford,* for appellants.

*John L. Austin* (*J. Richard Newman,* of counsel), for appellee.

NORTH, J.   In July, 1924, the plaintiffs purchased by a land contract four vacant lots fronting on Wyoming avenue in the city of Fordson, Wayne county, Michigan.   These lots, which are in the Paige Gardens subdivision, were supposed to be 100 feet in depth and so appeared on the plat filed in the register of deeds' office.   In 1926 the city paved this street, and in locating the lines incident to this work it was made evident that the lots as platted extended into the street approximately 6 feet.   In June, 1927, the plaintiffs brought this suit in ejectment against the city of Fordson.   Under the plea of general issue the defendant gave notice that it claimed to own the land in controversy by reason of its having been condemned for street purposes in December, 1913, and that the claim of plaintiffs was barred because the highway had been used as such in its present location for upwards of 10 years.   The plaintiffs assert (1) that the proceedings of December, 1913, whereby an attempt was made by the township highway commissioner of Springwells township (in which these lots were located) to establish and lay out this highway by condemnation were void because the so-called county road law (1 Comp. Laws 1915,

§§ 4347–4377) had become effective prior thereto and thus the right and power of the township highway commissioner to act was terminated; and (2) that whatever rights the public may have had in the lots in question were lost by the act of the township board in approving the plat of the Paige Gardens subdivision in 1919. At the conclusion of the proofs each of the parties moved for a directed verdict. The circuit judge held that the highway was legally established by the proceedings instituted in 1913, as claimed by the defendant, and directed a verdict in its favor. The plaintiffs are reviewing by writ of error.

The conflicting claims of these parties have arisen from the fact that Wyoming avenue (formerly Snyder road) as laid out was not centered on the section line on the westerly side of section 9 of Springwells township (now the city of Fordson), this being the section on which plaintiffs' lots are located. This section line angles at the quarter post, but the highway was laid out 66 feet in width centered on a straight line extending from the section post at the southwest corner of the section to the section post at the northwest corner thereof. Thus, instead of coinciding with the section line, the center line of the highway was located easterly thereof, and in front of plaintiffs' lots the distance between these two lines was approximately 6 feet. This placed the easterly line of the highway at this point substantially 39 feet east of the section line. Notwithstanding the highway was so laid out in 1913, the township board in 1919 approved the plat of the Paige Gardens subdivision, which located the front line of plaintiffs' lots 33 feet east of the section line, and thus they extended into the highway about 6 feet.

In this ejectment suit the plaintiffs have the burden of establishing their right to the land in controversy as against the defendant's claim of highway rights therein. The record does not sustain the plaintiffs' contention that the adoption of the county road system by Wayne county supplanted or terminated the authority of the township highway commissioner to lay out and establish this highway. Provision is made in the so-called county road law for townships continuing to operate under the township system of constructing highways. 1 Comp. Laws 1915, § 4377. The proof here shows that Springwells township was so operating; and the presumption prevails, until the contrary is established, that the township acted according to and within the provisions of the statute. No proof was offered which indicates otherwise.

From this record it appears that this highway was originally laid out by the highway commissioner of Springwells township. From his determination of necessity and award of damages an appeal was taken to the township board, and from the determination of the board an appeal was perfected to the circuit court by William J. Gray, as trustee. The controversy involved in this appeal was adjusted, the appeal was dismissed April 10, 1916, and the road as laid out was improved and used as such continuously thereafter for upwards of 11 years before this suit was brought (June 9, 1927). Section 4307, 1 Comp. Laws 1915, provides:

"All highways regularly established in pursuance of existing laws, all roads that shall have been used as such for ten years or more, whether any record or other proof exists that they were ever established as highways or not, and all roads which have been or which may hereafter be laid out and not recorded,

and which shall have been used eight years or more, shall be deemed public highways.'' *   *   *

The foregoing provision is conclusive of the questions raised by the plaintiffs in the lower court as to the regularity of the proceedings by which this highway was established and as to the effect of an alleged failure to make proper record of such proceedings. It is urged in appellants' brief that this is a highway which became ''such by time and use,'' and therefore by the provision of the statute (1 Comp. Laws 1915, § 4307) the land belonging to such road is two rods in width on each side of the section line. This contention is not well founded, because this highway was not established by use, but instead it was laid out and established ''in pursuance of existing laws.'' As laid out, it includes the land now claimed by the plaintiffs, but their alleged ownership cannot be sustained because of the statute above quoted.

The right of the public to hold this land as highway was not affected by the act of the township board in placing its approval on the plat of this addition, notwithstanding some of the lots as platted extended into the highway. It is not within the province of township officers to admit away the right of the public in its highways. *Campau* v. *City of Detroit,* 104 Mich. 560. The method of vacating highways is provided by statute and they cannot be otherwise vacated except by nonuser, which is not here claimed. *Ellsworth* v. *City of Grand Rapids,* 27 Mich. 250, is a somewhat similar case, and it was there said:

''The mere making and recording of a plat upon paper, ignoring the existence of the road, was not an act calculated to interfere with or disturb the use of the way by the public.''

The fact that this highway as laid out varied slightly from the course described in the petition therefor in no way renders the proceedings invalid. *Yeatter* v. *Myers,* 241 Mich. 325.

We have considered other issues urged in the lower court, and find them without merit. Some questions are presented in appellants' briefs which were not raised in the circuit court. Such questions cannot be based upon an assignment of error, and will not be considered in this court. The circuit judge was right in directing a verdict for the defendant.

The judgment is affirmed, with costs to the appellee.

FEAD, C. J., and FELLOWS, WIEST, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.