No. 80-124

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

MARCUS DALY MEMORIAL HOSPITAL
CORPORATION, A MONTANA CORPORATION,

Plaintiff and Respondent,

vs.

JEROME F. BORKOSKI, et
al.,

Defendant and Appellant.

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Ravalli.
Honorable Jack L. Green, Judge presiding.

Counsel of Record:

For Appellants:

Milodragovich, Dale and Dye, Missoula, Montana
Harold V. Dye argued, Missoula, Montana
Garlington, Lohn and Robinson, Missoula, Montana
Datsopoulos, MacDonald & Lind, Missoula, Montana
Curtis C. Cook, Hamilton, Montana
Terry A. Wallace, Missoula, Montana
Jon E. Ellingson, Missoula, Montana

For Respondent:

Johnson and Johnson, Hamilton, Montana
Lawrence D. Johnson argued, Hamilton, Montana
Boone, Karlberg & Haddon, Missoula, Montana
Sam Haddon argued, Missoula, Montana

Submitted: November 21, 1980

Decided: March 4, 1981

Filed: MAR 4 - 1981

*Thomas J. Kearney*
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendant, Jerome F. Borkoski, the purchaser of the Marcus Daly Memorial Hospital in Hamilton, appeals from the order of the Ravalli County District Court granting summary judgment to the defendant seller, Marcus Daly Memorial Hospital, Inc. The order declared that the buyer had forfeited his right to any interest in the hospital building.

Borkoski, as buyer, raises three issues on appeal. He first claims that the seller elected the remedy of specific performance by choosing to accelerate all amounts due under the contract and therefore should be estopped from canceling the contract and declaring a forfeiture. His second claim is that he is statutorily entitled to be relieved of a forfeiture. He raises these issues for the first time on appeal. His third claim is that the trial court erred in refusing to accept and consider his affidavit and brief filed in opposition to the summary judgment motion, which affidavit and brief was filed on the day of the hearing. We affirm.

Plaintiff-seller has moved this Court to dismiss the appeal because of several procedural irregularities in per-fecting the appeal. The buyer failed, within the time periods allowed by the Rules of Appellate Civil Procedure, to order a transcript; he failed to file an undertaking, to transmit the record to this Court; and finally, he failed to post a supersedeas bond. Although the buyer eventually complied with each of these requirements, the seller urges dismissal of the appeal because of these dilatory tactics. We choose, however, to decide the appeal rather than to dismiss for failure to comply with the Rules of Appellate Civil Procedure. See, Rules 3, 10 and 21, M.R.App.Civ.P.;

see also, Hannifin v. Retail Clerks International Ass'n. (1973), 162 Mont. 170, 172-73, 511 P.2d 982, 984.

The purchase contract for the Marcus Daly Memorial Hospital was signed on October 11, 1977. The agreed purchase price was $80,000. The contract called for downpayment of $21,000, including $10,000 which was to be allowed as a credit for a previous contract if the buyer paid the second half of the 1976 taxes on the Hospital within one year. The remaining balance of $59,000 was to be paid in monthly installments of $1,000 beginning November 11, 1977, with interest accruing at 8 percent per annum. The defendant-seller was to pay the taxes on the property after July 1, 1976, as well as insurance premiums.

The buyer made the downpayment and the first three monthly installments, but then went into default. He has made no installment payments on the contract since January 1978. As of the time this appeal was heard, he had failed to pay the taxes through the year 1978 and had not paid the insurance premiums for which he was contractually responsible.

On April 28, 1978, the seller, acting under the default clause in the agreement between the parties, sent the buyer a notice of default accelerating all payments to be made under the contract and declaring the seller's intention to cancel the contract if the default was not cured within 30 days. The buyer failed to make the payment within the 30-day period, and the seller then filed suit against the buyer to cancel the contract. At the same time, the seller filed suit against several mechanic's lienholders--suppliers of materials to the buyer, which materials were used in renovating the building. The buyer filed a general denial and pleaded no affirmative defenses.

-3-

On September 24, 1979, the seller moved for summary judgment against the buyer. The court held a hearing on October 26, 1979. On December 10, 1979, the court granted summary judgment to the seller. On August 26, 1980, the court amended its order nunc pro tunc, certifying the case for appeal under Rule 54(b), M.R.Civ.P. See Roy v. Neibauer (1980), ____ Mont. ____, 610 P.2d 1185, 37 St.Rep. 897.

The buyer first claims that the seller, in choosing to accelerate all amounts due under the contract, elected the remedy of specific performance, and therefore should be estopped from canceling the contract and declaring a forfeiture. Second, the buyer claims that alternatively, he is statutorily entitled to be relieved of a forfeiture. These are affirmative defenses and should have been pleaded as such in his answer. Rule 12(b), M.R.Civ.P. Because he failed to do so, we will not consider these defenses raised here for the first time. See, Chadwick v. Giberson (1980), ____ Mont. ____, 618 P.2d 1213, 1215, 37 St.Rep. 1723, 1726.

We emphasize that the record of the proceedings shows no extenuating circumstances to justify the buyer's failure to assert in trial court the defenses he now urges in his appeal. To the contrary, the procedural history of this case demonstrates the buyer's attempt to unjustifiably prolong the litigation and frustrate the judicial process. He failed to appear at a court-ordered deposition on June 29, 1979. On July 6, 1979, the trial court ordered him to pay costs and attorney fees incurred by the parties who did attend. Later, in a deposition taken on July 27, 1979, he failed to bring all the documents requested of him. By agreement, the parties gave the buyer ten working days to produce the documents. He failed to do so, and on October

26, 1979, the trial court again ordered him to pay attorney fees. Never, at any time, did the buyer make any effort to amend his answer to assert the affirmative defenses he now asserts in this appeal.

The last claim of the buyer is that the trial court erred in not considering his affidavit and brief filed on the day of the hearing on the seller's motion for summary judgment. The hearing on motion for summary judgment was first scheduled for October 12, 1979, almost three weeks after the motion was filed. Before the day of the hearing, the buyer approached the trial judge _ex parte_ and asked for a new hearing date because he anticipated testifying at the hearing and would not be able to attend on the scheduled date. The trial court granted his request and reset the hearing for October 26, 1979. The buyer did not testify at the hearing.

It was not until the day of the hearing that the buyer's attorney filed an affidavit and brief opposing the seller's motion for summary judgment. Counsel for the seller asked the trial court not to consider the affidavit and brief because they were untimely filed under Rule 6(d), M.R.Civ.P. Rules 6(d) and 56(c), M.R.Civ.P., require the party opposing the motion for summary judgment, to file opposing affidavits _before_ the date of the hearing. Under the facts of this case, we cannot say that the trial court abused its discretion in refusing to consider the affidavit. The buyer offered no compelling excuse for his untimely filing. When this untimely filing is considered with all the unwarranted delays already caused by the buyer, it is clear that the trial court properly exercised its discretion in refusing to consider the affidavit.

The judgment of the District Court is affirmed.

_____
                Justice

We Concur:

_____
        Chief Justice


_____




_____
                Justices


This cause was submitted prior to January 5, 1981.