No. 82-25

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

SUN DIAL LAND COMPANY, INC.,

        Plaintiff and Respondent,

    vs.

GOLD CREEK RANCHES, INC., RONALD
A. JEROME a/k/a R. A. JEROME,
and ROY A. JEROME,

        Defendants and Appellants.

---

Appeal from:  District Court of the Thirteenth Judicial District,
             In and for the County of Carbon
             Honorable Jack Shanstrom, Judge presiding.

Counsel of Record:

    For Appellants:

        Radovich and Johnson, Billings, Montana

    For Respondent:

        Towe, Ball, Enright and Mackey, Billings, Montana

---

                Submitted:  March 25, 1982

                  Decided:  May 17, 1982

Filed:  MAY 17 1982

_Thomas J. Kearney_
                          Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Defendants appeal from the judgment of the District Court which gave possession of certain property to plaintiff. We affirm and assess damages of $500 against defendants for a frivolous appeal. Rule 32, M.R.App.Civ.P.

On December 3, 1974, defendants Roy A. Jerome and Ronald A. Jerome (Roy's son) executed a pencil agreement with plaintiff signed by Edward Towe (president) which provided that plaintiff Sun Dial Land Company would obtain financing for the purchase of Grove Creek Ranches, Inc. near Belfry, Montana. In return the Jeromes were to pay plaintiff 30% of all net earnings from the sale or operation of the ranch. On December 17, 1974, Sun Dial purchased the ranch.

On August 4, 1976, a formal contract was executed between Sun Dial and defendant Gold Creek Ranches, Inc., a corporation set up by the Jeromes. About 9,000 acres were to be divided up into 20-acre parcels for sales as homesites. Defendants' planned sales did not materialize, and plaintiff sent defendants two default notices, one on February 6, 1978, and another on December 31, 1978.

On December 6, 1979, defendants filed a claim against Sun Dial alleging usury and fraud and seeking to set aside the formal contract of August 4, 1976, and reinstate the prior pencil agreement of December 3, 1974. On February 4, 1980, Sun Dial filed suit against the defendants, alleging the defendants' default and seeking judgment against defendants for unlawful detainer and restoration of the land to Sun Dial. Thereafter an involved series of procedural maneuvering between the parties followed which need not be recounted herein, except to note that the cases were consolidated.

On September 17, 1980, the District Court set a trial date of October 6, 1980, and, at the October 6 hearing, the parties signed a settlement agreement in open court, the thrust of which

- 2 -

was that defendants were to pay to the plaintiff $1,320,424.33 with interest, plus over $150,000 in contract payments and taxes by October 6, 1981 (exactly one year after the agreement was signed). If the payment was not forthcoming on that date, defendants agreed to entry of judgment against them for immediate possession of the property by plaintiff and a quitclaim deed, wherein defendants relinquished all interest in the property, was placed in escrow to be filed if the payment was not made. The settlement agreement concluded with the statement that " . . . no further hearing shall be required for the entry of the judgment . . ." and recited that the settlement agreement was to be the final resolution of all disputes between the parties in the two law suits.

As the payment deadline approached, there was some communication between the parties regarding an extension but no papers were ever signed. On October 6, 1981, the day the payment was due, defendant deposited $50,000 in Towe's account which was rejected.

Because defendants did not make the required payments, on October 20, 1981 (pursuant to the settlement agreement), the court ordered that the judgment for Sun Dial's immediate possession of the property and the quitclaim deed be released to Sun Dial. The District Court signed the judgment against defendants on October 26 (which was filed on October 29) and the next day (October 27) defendants filed a lis pendens and a "cross-petition" alleging malicious interference by plaintiff in the negotiation of the sale of the land, and seeking to set aside the settlement agreement.

Sun Dial answered the "cross-petition" and moved to strike the lis pendens on November 4, 1981, and a hearing on the motion was set for November 12. The parties stipulated that the "cross-petition" would be treated as combined motions for a new trial, to alter or amend judgment and to set aside the judgment.

Hearings were held on November 12 (Thursday) and November 15 (Sunday), 1981. On November 23, the District Court entered findings of fact and conclusions of law which denied all of defendants' motions and ordered that Sun Dial be entitled to possession of the property and struck defendants' lis pendens.

The next day defendants filed their notice of appeal from the judgment and were granted a stay pending appeal, upon the filing of $150,000 bond. Defendants posted the bond. Plaintiff's issues on appeal can be stated as follows:

1. Whether the Montana policy against forfeiture prevents plaintiff from recovering the property;

2. Whether the doctrine of waiver operates against plaintiff;

3. Whether the doctrine of estoppel operates against plaintiff;

4. Whether the District Court erred in adopting plaintiff's findings of fact and conclusions of law (of November 23, 1981).

With regard to the first issue, appellants argue that the Montana statute for relief from forfeiture has been satisfied. Section 28-1-104, MCA, provides:

> "Relief from forfeiture. Whenever by the terms
> of an obligation a party thereto incurs a for-
> feiture or a loss in the nature of a forfeiture
> by reason of his failure to comply with its
> provisions, he may be relieved therefrom upon
> making full compensation to the other party,
> except in case of a grossly negligent, willful,
> or fraudulent breach of duty."

Appellants also argue that Montana case law regarding forfeiture supports the nullification of the settlement agreement and a remand for a full trial, citing several cases including Montana Williams Double Diamond vs. Royal Village, Inc. (1980), ____Mont. ____, 607 P.2d 1120, 37 St.Rep. 421; Parrott v. Heller (1976), 171 Mont. 212, 557 P.2d 819; and Surburban Suburban Homes Company v. North (1914), 50 Mont. 108, 145 P. 2.

- 4 -

This contention is utterly devoid of merit. How can defendants forfeit something they never had? It is undisputed in this case that Sun Dial bought the property and thus obtained equitable title. In every case relied on by appellants, the forfeiture discussion centered around the buyer's loss of payments. Here Sun Dial, not defendants, was the buyer and defendants' reliance on the Montana cases is misplaced. See The Default Clause in the Installment Land Contract (1981), 42 Mont.L.R. 110, 117-25, and Forfeiture of Payments Under Land Purchase Contract in Montana (1957), 19 Mont.L.R. 50.

Appellants fare no better by relying on section 28-1-104, MCA, which requires, as a condition precedent to relief, that defendants tender full compensation to Sun Dial. It is undisputed here that under the terms of the settlement agreement, defendants were to pay to Sun Dial within the year, a sum in excess of $1,300,000. Defendants' deposit of $50,000 in Towe's account is a far cry from that. See Gamble-Skogmo, Inc. v. McNair Realty Co. (D.C. Mont. 1951), 98 F.Supp. 440 (full compensation is required for relief from forfeiture).

Moreover, a forfeiture is an affirmative defense which was not affirmatively pleaded in defendants' answer. It does not even appear in the "cross-petition". Accordingly, we need not consider this issue raised for the first time on appeal, Marcus Daly Memorial Hospital Corp. v. Borkoski (1981), _____ Mont.____, 624 P.2d 997, 38 St.Rep. 322.

Appellants next contend that Towe's actions constituted a waiver of his rights under the settlement agreement because Towe led Roy Jerome to believe an extension had been granted. Appellants then suggest that we require Sun Dial to send an additional notice of default before allowing Sun Dial to proceed with the action, citing Surburban Homes and Montana Williams, supra.

At no time during these lengthy proceedings have Gold

Creek or the Jeromes been under any misapprehension as to how much was due and owing on October 6, 1981. Indeed, Sun Dial's February 6, 1978, letter to them spells out in detail the obligations of the parties and in the December 31, 1978, notice, the February 6 letter was enclosed. We refuse to require such a pointless act.

Appellants next apparently argue that Sun Dial should not be allowed to enforce the settlement agreement because of an estoppel created by Towe's actions. Appellants cite section 26-1-601(3), MCA, which provides:

> "Complete list of conclusive presumptions. The following presumptions and no others are deemed conclusive:
>
> " . . .
>
> "(3) whenever a party has, by his own declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he cannot in any litigation arising out of such declaration, act, or omission be permitted to falsify it. . ."

We have recently stated with regard to estoppel:

> "Six essential elements have been held necessary to constitute an equitable estoppel:
>
> "'(1) there must be conduct, acts, language, or silence amounting to a representation or a concealment of material facts; (2) these facts must be known to the party estopped at the time of his conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him; (3) the truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel at the time it was acted upon by him; (4) the conduct must be done with the intention, or at least with the expectation, that it will be acted upon by the other party, or under the circumstances that it is both natural and probable that it will be so acted upon; (5) the conduct must be relied upon by the other party, and, thus relying, he must be led to act upon it, and (6) he must in fact act upon it in such a manner as to change his position for the worse.'" Sweet v. Colburn School Supply (1982), ___ Mont. ___ , 639 P.2d 521, 524, 39 St.Rep. 168, 172-73.

First of all, estoppel is an affirmative defense that must be pleaded. Rule 8(c), M.R.Civ.P. We will not consider the issue raised for the first time on appeal. Borkoski, supra.

However, this defense is mentioned in defendants' "cross-petition".

The trial court found that there was no evidence supporting a claim of estoppel. We agree. Towe did not represent to defendants that the simple forwarding of $50,000 to his account was sufficient to extend the agreement and he did not intend or expect that the defendants would act on this purported representation. Instead he insisted that a writing be executed regarding the extension and this was never done.

Appellants finally contend that the District Court erred in adopting the findings of fact and conclusions of law prepared by Sun Dial's attorney. While it is true that we disapprove of this practice, Tomaskie v. Tomaskie (1981), ____Mont.____, 625 P.2d 536, 38 St. Rep. 416, they will be upheld if they are sufficiently comprehensive and supported by the evidence presented, Jensen v. Jensen (1981), ____Mont.____, 631 P.2d 700, 38 St.Rep. 1109. Here the court's findings and conclusions meet the above test.

Sun Dial raises other issues in response to appellants' brief but since, in our view, appellants' contentions are meritless, we will not consider the additional issues raised by Sun Dial.

We note that Gold Creek and the Jeromes have succeeded in accomplishing what they set out to do, i.e. forestalling the effect of the judgment to give them more time to find a buyer of the property or seek another settlement with plaintiff. Defendants have pursued this action through the appeal process and by the filing of the lis pendens and the "cross-petition" the day after the judgment was signed. Obviously with the lis pendens of record Sun Dial could not remedy the situation by conveying or selling the real estate. All these defendants' actions were done in the face of the language of the settlement agreement, repeated several times therein, that if the payment

deadline was not met defendants would relinquish possession of the land immediately. This agreement was to be the final resolution between the parties.

We cannot condone such action and abuse of the appeal process. Our court dockets are overcrowded as it is. Therefore on the day this case is decided, plaintiff shall have judgment against defendants in the amount of $500 damages for a frivolous appeal pursuant to Rule 32, M.R.App.Civ.P.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices