No. 84-413

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

VICTOR T. REDINGER, ARLAN D. FRYER,
HELEN J. FRYER, as F & R PROPERTIES,
a co-partnership,

Plaintiffs and Respondents.

-vs-

GEORGE D. FRENCH, YELLOWSTONE
INVESTMENT AND DEVELOPMENT, INC.,
a Delaware corp; EDWARD L. BOND,
individually, and FIRST BANK BILLINGS,

Defendants and Appellants.

_____

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

            Brad L. Arndorfer, Billings, Montana


        For Respondents:

            Harris, Morin & Collins; Robert P. Morin, Billings,
            Montana

_____

                        Submitted on Briefs:   Jan. 18, 1985

                                    Decided:   May 2, 1985


Filed:   MAY - 2 1985


_Ethel M. Harrison_
_____
                Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

In this action in Yellowstone County District Court, the plaintiffs sought a cancellation of a contract for deed. Defendants, Edward L. Bond and Yellowstone Investment and Development, Inc. (herein called Defendants), appeal judgment of forfeiture by the defendants of all interest in the payments and the real property and the award of attorney's fees and costs to the plaintiffs. We affirm.

The issues are:

1. Did the defendants fail to file a notice of appeal within the required time?

2. Was the contract for deed in this case actually a mortgage?

3. Was the liquidated damages clause in the contract for deed actually a penalty clause?

The extended written contract for deed dated May 18, 1977, required that the defendants pay the sum of $26,000 plus 9 percent interest per annum with a down payment of $1,300, monthly payments of $200 on principal and interest, plus $30 monthly payments on a separate tax reserve account. The contract further provided that the balance of the purchase price with interest should be payable on May 15, 1982.

We set forth the findings of fact, as made by the District Court, from which no appeal has been taken. On May 3, 1982, plaintiffs sent a letter to the attorney for the defendants advising of the impending balloon payment date of May 15, 1982, and pointing out that the principal balance of $23,500.74, interest in the amount of $168.06, and escrow fee of $29.58, resulting in a total of $23,698.38, would be due. Defendants failed to pay on the due date. Appropriate notices of default were served on the defendants in

2

accordance with the contract for deed. The contract provided that the plaintiffs take possession of the premises upon defendants' failure to cure the default within 60 days and for the redelivery of various papers in the bank escrow. Defendants Edward L. Bond, individually, and Yellowstone Investment and Development, Inc., instructed the escrow agent not to redeliver the papers in escrow. Defendants retained possession of the property notwithstanding the contract provisions.

On October 4, 1982, plaintiffs filed a complaint seeking cancellation of the contract for deed. During the pendency of the action and the trial, defendants remained in possession of the property and received and retained the rental proceeds. The District Court found that the defendants were not entitled to relief from forfeiture because they were grossly negligent in failing to perform in accordance with the terms and provisions of the contract and the defendants therefore were not entitled to any equitable relief.

From the findings of fact, the District Court made the following conclusions of law. The defendants failed to pay the balloon payment of $23,698.38 on or before May 15, 1982. The defendants had forfeited any and all payments under the contract and all right, title and interest in and to the real property. The plaintiffs were fully reinvested with all right, title and interest in the premises. The contract for deed was terminated, and the escrow bank was to deliver to plaintiffs all papers in escrow. By judgment dated June 1, 1984, the District Court restated its conclusions of law and awarded attorneys' fees of $7,270.10 and costs and disbursements of $514.29 to plaintiffs.

I

Did the defendants fail to file a notice of appeal within the required time?

Plaintiff contends that defendants failed to file their notice of appeal within the time prescribed by Rule 5, M.R.App.Civ.P., which provides that an appeal must be taken within 30 days from the service of notice of entry of judgment.

Following the service by mail of notice of entry of the June 1, 1984 judgment, new defense counsel was substituted. On June 12, 1984, defendants filed a motion to amend the judgment pursuant to Rule 52(b), M.R.Civ.P. That motion was timely made. On June 20, 1984, defendants filed a notice of hearing for June 28, 1984, and completed service by mail on that date. On June 28, 1984, the District Court heard the oral arguments and took the matter under advisement. On July 13, 1984, the District Court entered its order denying the motion to amend. On August 13, 1984, defendants filed their notice of appeal.

A motion for amendment of judgment under Rule 52(b), M.R.Civ.P. is controlled by Rule 59. Rule 59(g), M.R.Civ.P. provides that the motion shall be served not later than 10 days after the service of the notice of the entry of judgment. Rule 59(d), M.R.Civ.P. in pertinent part states:

> "Hearing on the motion shall be had within 10 days
> after it has been served . . . except that at any
> time after the notice of hearing on the motion has
> been served the court may issue an order continuing
> the hearing for not to exceed 30 days. In case the
> hearing is continued by the court, it shall be the
> duty of the court to hear the same at the earliest
> practicable date thereafter, and the court shall
> rule upon and decide the motion within 15 days
> after the same is submitted. If the court shall
> fail to rule upon the motion within said time, the
> motion shall, at the expiration of said period, be
> deemed denied."

4

The defendants did not serve a notice of motion at the same time as the motion itself. The District Court did not receive a request to continue the motion, as authorized under the rule. The hearing date of June 28 was not within the initial 10-day period. However, the June 28 hearing date was well within the total of 40 days which the rule allows for the hearing. A notice of hearing was given within the initial 10-day period. We find that a technical failure to obtain a continuance from the District Court is not a sufficient reason to invalidate the proceedings where the hearing is held within the period prescribed by the rule.

The denial of the motion on July 13, 1984, was exactly within the 15-day maximum of the rule. Finally, since 30 days from July 13 was Sunday, August 12, the filing of the notice of appeal on Monday, August 13, was within the 30-day maximum permitted by the rule.

We conclude that the notice of appeal was timely filed.

II

Was the contract for deed in this case actually a mortgage?

The defendants set forth an extensive contention that this contract for deed should be considered a mortgage. In addition, they argue that all contracts for deed should be declared mortgages. This is a new theory which was not presented to the District Court at any time prior to the entry of findings of fact, conclusions of law and judgment. The first time the theory was presented was in the defendants' brief supporting the motion to amend the judgment.

In Mont. Williams Double Diamond v. Royal Village (1980), 186 Mont. 359, 365-66, 607 P.2d 1120, 1124, a case

5

involving the cancellation of a written contract for deed, this Court stated:

> "Appellants assert as grounds for their second issue of review that it is evident from both the contract of sale and the manner in which appellants and respondents performed it that the contracts entered into between appellants and individual third party purchasers constitute a joint venture between appellants and respondents making them jointly bound. This issue was not presented to the District Court and as such cannot be raised for the first time on appeal. Northern Plains v. Board of Natural Resources (1979), Mont., 594 P.2d 297, 309, 36 St.Rep. 666, 680; Spencer v. Robertson (1968), 151 Mont. 507, 511, 445 P.2d 48, 50-51."

See also, Sun Dial Land Co. v. Gold Creek Ranches (1982), 198 Mont. 247, 253, 645 P.2d 936, 940.

Because this issue was not presented to the District Court, it cannot be raised for the first time on appeal.

### III

Was the liquidated damages clause in the contract for deed actually a penalty clause?

The District Court found that the defendants were grossly negligent in failing to perform under the contract and that they were not entitled to any equitable relief by virtue of the facts in this case. The balloon payment was due May 15, 1982, and the judgment was entered almost two years later on June 1, 1984. The defendants failed to make any significant efforts to correct the default during that 2 year period. The defendants remained in possession of the real property which was rented, retained the rents during that period, and also retained the benefit of taking tax depreciation on the property. The record does not show any attempt on defendants' part to refinance or otherwise complete the actual purchase. The contract for deed provided that the time of payment was of the essence. The defendants were informed in advance of the balloon payment date. Notwithstanding that information and the subsequent delay of

6

two years until entry of judgment, the defendants took no action to comply with the requirements of the contract for deed. The total principal payment made by the defendants on the $26,000 contract was approximately $2,300.

The record clearly contains substantial evidence to support the District Court's conclusion. We affirm the court's conclusion that the defendants are not entitled to relief from forfeiture.

The judgment is affirmed.

Justice

We concur:

Chief Justice

Justices

7