No. 85-02

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

ALLEN SHELDON and JANET SHELDON,

        Plaintiffs and Appellants,

  -vs-

FLATHEAD COUNTY, et al.

        Defendants and Respondents.

---

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable J. M. Salansky, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hash, Jellison, O'Brien & Bartlett; James C. Bartlett,
Kalispell, Montana

    For Respondent:

        Ted O. Lympus, County Attorney, Kalispell, Montana
Lane K. Bennett, Deputy County Attorney, Kalispell

---

Submitted on briefs: May 30, 1985

Decided: October 15, 1985

Filed: OCT 15 1985

*Ethel M. Harrison*

_____
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Plaintiffs appeal a judgment entered against them in the Eleventh Judicial District, Flathead County, on October 16, 1984, following a bench trial on an action to quiet title. The court decreed that Patrick Creek Road is a sixty-foot-wide declared county right-of-way and public road in its entirety and as it crosses plaintiffs' real property.

We affirm. We hold that Reid v. Park County (1981), 627 P.2d 1210, 38 St.Rep. 631, controls and that it is sufficient if the record as a whole supports a finding that a public road was created in 1902. Here, the record supports the finding that Patrick Creek Road was statutorily created and declared a county road. Pursuant to section 2602, Montana Political Code of 1895, it had the statutory width of sixty feet when proceedings were silent as to the width of the right-of-way.

The issue upon appeal is whether the court properly determined Patrick Creek Road, as it passes through plaintiffs' property, to be a statutory road mandating a finding of a sixty-foot right-of-way, or whether it is a road by prescription with a prescriptive easement limited to width of actual use.

In 1962 Allen and Janet Sheldon purchased real property in Flathead County, Montana. Patrick Creek Road passed through their property, a country road which was about "wagon wheel" width, i.e., twenty-five feet, for the past eighty years. A predecessor in interest, H. H. Disbrow, had signed a petition to the county commissioners on April 28, 1902, along with at least nine other freeholders in the Patrick Creek area, initiating proceedings under sections 2750

2

through 2771, Montana Political Code of 1895, to create a statutory road. The petition requested the establishment of a new highway in Road District No. 8 on the basis of public necessity, convenience and welfare, and recommended a general route which at Disbrow's property would run "thence in a Southerly course up and along said creek to the South line of section 18. . . ."

The proposed highway was to extend through the property of Mrs. Emma Ingalls, Charles Conger, M. Zeller, P. C. McStravick, C. J. W. Bolton, H. H. Disbrow and the "N. P. Ry. Co." as to section 7. Bolton and Zeller were noted on the petition as making no claims for damages. According to statute, the county commissioners issued a "Warrant to Viewers" on April 30, 1902, to begin to view and mark out the road, perform required duties and make report according to law.

Three viewers obtained written statements from the property owners who were home on May 16, 1902, and on the same day filed the report of viewers to the board of county commissioners. On May 16, 1902, Disbrow executed a consent giving right-of-way: "I, H H Disbro [sic] agree to give rite of way [sic] for County Road threw [sic] the west 1/2 of N. W. 1/4 of Sec 18 T22 R21N on East side of Lost Cr threw [sic] my land [signed] H. H. Disbrow." Conger agreed to sell "rite of ways on recourded [sic] route for $30.00 [per acre] and on petitioned rout [sic] for $22.50 [per acre] . . . ." Bolton agreed to give "60 foot rite of way," and Catherine ("Cate") McStravick agreed to give "60 ft rite of way for County Road," signing in her own name and "per P C McStravick." Ellen McCarthy stated that she "will" sell the right-of-way for sixty-foot county road through her land.

3

Although these conveyances of the right-of-way were not recorded, they were in the file on the road in the county clerk and recorder's office. The commissioners held a public hearing and on June 20, 1902, ordered the county surveyor, B. S. Adams, to survey the road. Because of the surveyor's inaction, the commissioners decided to go down on August 18, 1902, look over the proposed road and help open it. The commissioners' journal entry of November 17, 1902, noted acceptance of the landowners' petition, declared the roadway a public highway and ordered it open. Following further inaction, the commissioners ordered J. B. Gibson, county surveyor, to survey in 1904, which he finally did on October 17, 18 and 19, 1904. The surveyor's record of survey based upon his field notes located the road on the east side of the creek in Section 18.

Sheldons filed a complaint to quiet title on the road on April 9, 1982. The court held trial without a jury on July 19, 1984. The only witnesses were Allen and Janet Sheldon and Joan Beck, Chief Deputy of the Plat Room, Clerk and Recorder's Office, Flathead County.

The Sheldons testified that they purchased the nearly 160 acres in Section 18 in 1962. The porch of their dwelling, a log house built in about 1902, is about thirty feet from the edge of the traveled portion of the road. The road consists mainly of dirt, very little gravel, and has always been twenty-five-feet wide. In grading the road, the maintenance crews have ignored Sheldons' demands not to push the road wider. Sheldons testified that they received money from the federal government for the grant of a sixty-foot easement on a sixty-foot length of the road, "with the thinking that

4

they quit using the road, that the property would go back to twenty-five feet, and it would be back to our jurisdiction."

Appellants contend that while the county may have sought to take all necessary legal steps to establish a statutorily created public highway, it ignored or failed to comply with many required steps. Appellants claim that the roadway passing through their property was not created by any formal action of the State of Montana and that the existing public road was acquired by prescriptive use, limited to the greatest width actually used.

We disagree. This record, taken as a whole, shows that a public road was created pursuant to the standard of Reid v. Park County (Mont. 1981), 627 P.2d 1210, 38 St.Rep. 631. There we held that the county was not required to prove on the face of the record that public officials had jurisdiction to create a public road if the record, taken as a whole, shows that a public road was created. Reid, 627 P.2d at 1213. We recognized that the curative statute (now repealed), § 32-103, RCM (1947), cured procedural defects which were not jurisdictional if the county had shown obvious efforts on the record to establish a road. Reid, 627 P.2d at 1212.

We adopted the rule:

> . . . it is sufficient if the record taken as a whole, shows that a public road was created. Otherwise, the burden on the public in a particular case to prove a public road was created so many years ago may well be unsurmountable.
>
> . . . [i]f we did not now overrule Auchard and Warren on the jurisdictional issue, a private landowner may, in a particular case, be able to keep the public from going through land because the public's records of a road no longer support a determination that the public

5

had originally acquired jurisdiction to
create the road.

Reid, 627 P.2d at 1213, overruling Warren v. Choteau County (1928), 82 Mont. 115, 265 P. 676, and State v. Auchard (1898), 22 Mont. 14, 55 P. 361.

The record in this case (and the historical events in question) is more sufficient than what we were presented with in Reid to support the jurisdiction of the county and the statutory creation of Patrick Creek Road. The entry in the commissioners journal on November 17, 1902, stated, "[t]he petition is hereby accepted, road declared a public highway and ordered open." The record contains the actual petition signed by more than twenty residents of the area, including appellants' predecessor in interest, Disbrow. In Reid the county failed to produce any copy of the petition or show one was signed by the requisite ten qualified petitioners. Here, the record supports a finding that Disbrow agreed to give the right-of-way for a road on the east side of the creek where the road was actually located.

Disbrow signed the petition with the other residents because they needed a road. In expecting the county to perform, they were requesting a statutorily created public road, which was ordered open by an official act of the commissioners. In Reid, there was no evidence of deeds or grants of right-of-way on the record. Here, Disbrow and others executed written consents after requesting the road. The viewers' report also noted those who agreed to give right-of-way, including Disbrow.

Disbrow gave his consent for the right-of-way on May 16, 1902. Nearly eighty years later Sheldons filed this action to quiet title. This passage of time further estops

6

the appellants, and those who may claim under them, from challenging the existence of the statutory road.

The historical events in question, as well as the record, support the District Court's conclusion that Patrick Creek Road is a statutorily created public road. Section 2602, Montana Political Code of 1895, declares that the width of all public highways must be at least sixty feet. Where there are any procedural defects in the statutory proceedings, the curative statute (now repealed), section 32-103, R.C.M. 1947, cures the defect, e.g., the failure to declare it a sixty-foot-wide public road, pursuant to 2602, Montana Political Code of 1895.

The rule we adopted in Reid was in recognition of the burden today of tracing records back so long ago which were based upon the best efforts of sometimes less procedurally sophisticated county governments. We find no reason to overturn the District Court where the evidence does not preponderate against the findings (Matos v. Rohrer (Mont. 1983), 661 P.2d 443, 450, 40 St.Rep. 366, 375) and where we have clear precedent to affirm the judgment.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

7