No. 86-290

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

DANIEL J. O'NEILL, HELEN P. O'NEILL,

Plaintiffs and Appellants,

-vs-

STATE OF MONTANA, acting by and through
THE DEPARTMENT OF HIGHWAYS of the State
of Montana,

Defendants and Respondents.

_____

APPEAL FROM: District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Robert Boyd, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Dunlap & Caughlan; Deirdre Caughlan, Butte, Montana

For Respondent:

Stephen F. Garrison, Dept. of Highways, Helena,
Montana

_____

Submitted on Briefs: Oct. 30, 1986

Decided: February 19, 1987

Filed: FEB 19 1987

_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Daniel and Helen O'Neill appeal a Silver Bow County District Court order granting summary judgment to the defendant State of Montana. The issues on appeal are: (1) whether the District Court erred in refusing to consider an affidavit that appellants submitted at the summary judgment hearing, and (2) whether the District Court properly ruled that there was not a "taking" by the State of a strip of appellants' real property. We affirm.

The appellants own a parcel of land situated at the intersection of Harrison Avenue and Lowell Avenue in Butte, Montana. Both streets have been public thoroughfares in the City of Butte since the early 1900's. Appellants purchased the real property in question in 1972. The deed which appellants received for the property in 1972 describes the lot's eastern boundary as extending to approximately the center of Harrison Avenue and the lot's southern boundary as extending to approximately the center of Lowell Avenue.

In 1983, the State widened and improved both Harrison and Lowell Avenues. The State maintains that Harrison Avenue has a 100 foot right-of-way, that Lowell Avenue has an 80 foot right-of-way, and that the construction project stayed within those right-of-ways. In July 1984, the appellants filed a complaint in Silver Bow County District Court

charging that the State's construction project took strips of appellants' real property without paying just compensation to appellants. Appellants sought no compensation for any land encompassed in the pre-1983 Harrison and Lowell Avenues.

In December 1984, the State filed an answer denying appellants' allegations and alleging several affirmative defenses. In September 1985, the State moved for summary judgment on appellants' complaint. On February 7, 1986, the court held a hearing on the motion for summary judgment. At the hearing, appellants presented to the court a brief and an affidavit in opposition to the motion. The State objected to consideration of the documents on the basis that they were untimely filed. The court agreed with the State's objection and refused to consider the appellants' brief and affidavit. On February 11, 1986, the court granted the State's motion for summary judgment. The court ruled that the State had a prescriptive right to use the disputed land for public highway purposes. This appeal followed.

The first issue is whether the District Court erred in refusing to consider appellants' brief and affidavit presented at the hearing on the motion for summary judgment. This Court's decision in Marcus Daly Memorial Hospital v. Borkoski (Mont. 1981), 624 P.2d 997, 38 St.Rep. 322, addressed a similar issue.

> Rules 6(d) and 56(c), M.R.Civ.P., require
> the party opposing the motion for summary
> judgment, to file opposing affidavits
> before the date of the hearing.
> (Emphasis in original.)

Borkoski, 624 P.2d at 1000. Here, the trial court found, and we agree, that appellants made no showing expressing their reason for the untimely filing. Moreover, appellants' brief on appeal advances no compelling reason for their tardiness. Therefore, as in Borkoski, we find that the trial court did not abuse its discretion in refusing to consider the brief and affidavit.

The second issue is whether the District Court properly ruled that there was not a "taking" by the State of a strip of appellants' real property. The State filed a number of affidavits with the trial court in support of its motion for summary judgment. Among the affidavits was one sworn to by Raymond Grant, District Engineering Services Supervisor for the State Department of Highways. Grant's affidavit states that, (1) he has reviewed the available public records concerning Harrison Avenue and the appellants' lot; (2) Harrison Avenue and its right-of-way are, and have been, centered on a section line; (3) the roadway surface of Harrison Avenue has existed in increasing widths since at least the early 1900's; (4) Harrison Avenue has been a public road throughout that period; (5) Lowell Avenue intersects with Harrison Avenue at the section's quarter corner and has

existed in the same location in various roadway widths since at least the early 1900's; (6) that he has reviewed at least five official county plats from as early as 1907-1908, all of which show Harrison Avenue's right-of-way at the disputed location as extending fifty feet from the section line on both sides and totalling one hundred feet in width; (7) the same plats, including the earliest but with one exception, show Lowell Avenue's right-of-way to be eighty feet in width, not centered on the section's quarter corner line; (8) the one exception mentioned in (7) shows the right-of-way as sixty feet; (9) the 1983 project widening Harrison Avenue, installing sidewalks, and improving the intersection with Lowell Avenue stayed within Harrison Avenue's one hundred foot right-of-way and Lowell Avenue's eighty foot right-of-way; (10) that the affiant reviewed an official plat which the county commission had adopted and ordered filed in March 1921, and which was filed with the county clerk and recorder in March of that year; (11) that the 1921 plat shows Harrison Avenue as having a one hundred foot right-of-way; and (12) that it is difficult to determine much of the history of either avenue due to the age of the roads and because many relevant records and documents have been lost or destroyed.

Robert Fischer, a District Utility Agent for the Highway Department, also submitted an affidavit. In regard

to the Harrison Avenue right-of-way abutting appellants' property, his affidavit stated that, (1) phone lines have been located on the right-of-way to within approximately eleven feet of the State's claimed boundary since 1910; (2) a water line has been located on the right-of-way since 1914; (3) a sewer line has been located on the right-of-way to within one foot of the State's claimed boundary since 1971.

Addressing the Lowell Avenue right-of-way abutting appellants' property, Fischer's affidavit states that, (1) underground telephone lines have been located to within sixteen feet of the State's claimed boundary since 1972; (2) a gas line (since 1943), a sewer line (since 1971) and telephone lines (since 1973) are all located within the right-of-way; and (3) that the affiant has no record that appellants or their predecessors in interest have ever previously complained to the utility companies about these utility lines (on Harrison or Lowell Avenues).

Joseph Micheletti, the Highway Department Field Right-Of-Way Supervisor, also submitted an affidavit. His affidavit states, (1) that the Department purchased a small triangle of property located at the corner of Harrison and Lowell Avenues, from the appellants; (2) that on January 22, 1982, the appellants signed a deed which clearly showed the right-of-ways on Harrison and Lowell Avenues as claimed by

the State; and (3) the appellants did not object to the deed, or right-of-way as shown on the deed, during the negotiations for that sale.

There is no evidence in the record to support appellants' contention that the Harrison Avenue right-of-way and the Lowell Avenue right-of-way are not one hundred feet and eighty feet, respectively, as claimed by the State. Appellants did not introduce into evidence any affidavits or depositions to refute the evidence presented by the State.

In Sheldon v. Flathead County (Mont. 1985), 707 P.2d 540, 542, 42 St.Rep. 1573, 1576, this Court recently reaffirmed the rule that:

> "[i]t is sufficient if the record taken as a whole, shows that a public road was created. Otherwise, the burden on the public in a particular case to prove a public road was created so many years ago may well be unsurmountable. . . . [i]f we did not now overrule Auchard and Warren on the jurisdictional issue, a private landowner may, in a particular case, be able to keep the public from going through land because the public's records of a road no longer support a determination that the public had originally acquired jurisdiction to create the road." (Quoting Reid v. Park County (Mont. 1981), 627 P.2d 1210, 1213, 38 St.Rep. 631, 634.)

We hold that the record shows that Harrison Avenue and Lowell Avenue were created with the right-of-ways as claimed by the State. The 1983 construction project occurred entirely within those right-of-ways. Thus, there could be no

7

"taking" by the State. The official plats showing those right-of-ways, coupled with the utilities' long, continuous use of the right-of-ways without objection from appellants, are sufficient to establish the creation of those avenues. The record in this case is as adequate, if not more so, than the record in Reid which this Court found sufficient to establish the creation of a road.

The District Court properly granted summary judgment to the State. Affirmed.

_____
Justices

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8