No. 01-099

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 215

JAMES S. WEATHERWAX, ELEANOR T.
WEATHERWAX, RICHARD G. GECK and
HELEN E. GECK,

        Plaintiffs and Respondents,

    v.

YELLOWSTONE COUNTY,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                    In and for the County of Yellowstone, Cause No. D.V.-98-096
                    The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Dennis Paxinos, Yellowstone County Attorney, Richard Helm, Deputy
                Yellowstone County Attorney, Billings, Montana

        For Respondents:

                Jock B. West, West, Patten, Bekkedahl & Green, Billings, Montana

Submitted on Briefs:  February 14, 2002

Decided:  August 19, 2003

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Yellowstone County appeals a decision of the District Court for the Thirteenth Judicial District finding that the width of the County's easement over the Lower Canal Road is twenty feet, not sixty feet, and ordering the County to replace several cattle guards it had removed from the road.  We affirm.

¶2     The County raises the following issues on appeal:

¶3     1.  Did the District Court err when it determined that the width of the easement for the road was only twenty feet and not sixty feet?

¶4     2.  Did the District Court err when it determined that the County should replace the cattle guards it removed from the road?

## Factual and Procedural  Background

¶5     James and Eleanor Weatherwax (the Weatherwaxes) along with Richard and Helen Geck (the Gecks) are property owners who hold land adjoining the Huntley Irrigation Project canal.  As part of the irrigation project, an operation and maintenance road was constructed along the north side of the canal where the water is turned out.  This road, known as the Lower Canal Road, meanders across the Weatherwaxes' and the Gecks' properties.  Lower Canal Road is now and has always been about twenty feet in width.

¶6     Thomas Sherrodd owns property to the west and east of the Weatherwax and Geck properties.  Several times each year, Sherrodd uses the Lower Canal Road to transfer his cattle between his properties.  Neither the Weatherwaxes nor the Gecks approve of Sherrodd moving his cattle along the road and through their properties.  Over the last several years,

the Yellowstone County Sheriff's Office has responded to several disputes between the Weatherwaxes and Sherrodd over the movement of cattle on the road.

¶7 The Weatherwax and Geck properties, as well as the road in question, are located in a herd district. In 1994, the Weatherwaxes placed a cattle guard across the Lower Canal Road where the road enters their property. Shortly thereafter, the Yellowstone County Public Works Department removed that cattle guard, along with two cattle guards on the Gecks' property, to allow Sherrodd to move his cattle along the road. The County claimed that Lower Canal Road is a county road and as such the County has a sixty-foot wide easement along the road giving it the right to remove obstructions from the road such as cattle guards.

¶8 The County also claimed that it has the right to trim the overgrowth from trees that may obstruct the road. To that end, the County had the branches from several trees on the Weatherwax property removed in 1997 because the branches hung over into the road. Weatherwax was angered by this because the individuals trimming the trees were not professionals and some of the trees subsequently died.

¶9 On February 5, 1998, the Weatherwaxes and the Gecks filed a complaint against Yellowstone County. In their complaint, they requested that the District Court find that the County does not have an easement across their properties and, in the alternative, if the District Court finds that the County does have an easement, that the easement is not as wide as the County claims.

¶10 On November 9, 1999, the matter was tried before the District Court without a jury.

3

Even though the Weatherwaxes and the Gecks never formally amended their complaint, they argued at trial that they were owed damages for the removal of the cattle guards from the road and for the trees along the road that were trimmed by the County. During trial, the Weatherwaxes and the Gecks moved the court to amend their complaint to conform to the evidence presented at trial.

¶11 Also at trial, the County presented evidence that in 1907, two years after the United States Government began construction of the Huntley Irrigation Project, several property owners who held land adjoining the project presented the Yellowstone County Board of County Commissioners with a petition to create a network of roads within the project. After a study prepared by a Board of Viewers appointed by the Board of County Commissioners and a hearing, the commissioners granted the petition and created a network of roads designated as County Road 151. The County contends that Lower Canal Road is one of the roads that was created by the petition and so designated.

¶12 The County, through its road superintendent, conceded at trial that the Weatherwaxes and the Gecks own the land underlying Lower Canal Road where it traverses their properties. Thereafter, the District Court pointed out that since the County conceded that the Weatherwaxes and the Gecks own the land underlying Lower Canal Road subject to the easement for the operation and maintenance road, the only question before the court was whether the County also has an easement for a county road.

¶13 On December 11, 2000, the District Court entered its "Memorandum Findings and Conclusions" wherein the court determined that Lower Canal Road was developed as part

4

of the Huntley Irrigation Project for the operation and maintenance of the canal; that the Canal Act of 1890 (43 U.S.C. § 945) reserved an easement for the canal in perpetuity with no width or other limitations; and that this reservation is as extensive as need be for its purposes. The court further determined that a county road was later created by petition and "superimposed" upon the operation and maintenance road and that the county road "has never been and is not now more or less extensive than the operations and maintenance road." Thus, the court concluded that "[w]hatever was initially intended by Yellowstone County and whatever should have been done concerning the width of the county road as it is located on plaintiffs' lands, the fact is that for almost 100 years it has always been and now is about 20 feet wide."

¶14   The District Court also determined that the Weatherwaxes are not entitled to damages for the loss of their trees because the County has the right to trim or eliminate trees that interfere with its right of way. In addition, the court determined that the County's action of removing the cattle guards was "ill advised." The Weatherwaxes' and the Gecks' lands are in a herd district which necessitates that landowners fence in their livestock, but to fence across the operation and maintenance road imposes a burden on the irrigation project that it does not countenance. Since the parties all prefer cattle guards to gates, the court ordered that the County replace the cattle guards.

¶15   The District Court entered Judgment on March 27, 2001. Following entry of Judgment, the Weatherwaxes and the Gecks moved the District Court to amend its Judgment by deleting the use of the descriptive term "county road" in its decree, but the court denied

the motion. The County now appeals the District Court's Judgment.

## Standard of Review

¶16    We review a district court's findings of fact to determine whether they are clearly erroneous. *State v. Wooster*, 1999 MT 22, ¶ 2, 293 Mont. 195, ¶ 2, 974 P.2d 640, ¶ 2 (citing *Interstate Production Credit v. DeSaye* (1991), 250 Mont. 320, 322-23, 820 P.2d 1285, 1287). A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if, after reviewing the record, this Court is left with a definite and firm conviction that a mistake has been made. *Tester v. Tester*, 2000 MT 130, ¶ 10, 300 Mont. 5, ¶ 10, 3 P.3d 109, ¶ 10 (citing *Matter of Estate of Hunsaker*, 1998 MT 279, ¶ 26, 291 Mont. 412, ¶ 26, 968 P.2d 281, ¶ 26; *DeSaye*, 250 Mont. at 323, 820 P.2d at 1287). We review a district court's conclusions of law to determine whether that court's interpretation of the law is correct. *Tester*, ¶ 9 (citing *Cenex Pipeline, L.L.C. v. Fly Creek Angus.*, 1998 MT 334, ¶ 22, 292 Mont. 300, ¶ 22, 971 P.2d 781, ¶ 22; *Carbon County v. Union Reserve Coal Co., Inc.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686).

## Issue 1.

¶17    *Did the District Court err when it determined that the width of the easement for the road was only twenty feet and not sixty feet?*

¶18    The County contends that the District Court erred when it determined that the width of the easement on Lower Canal Road was only twenty feet. The County argues that the easement was not created through adverse possession, nor was it a prescriptive easement,

thus it is incorrect to limit the easement to its historical use. Instead, the County maintains that when the Board of County Commissioners created the easement in 1907, it established the width of the easement at sixty feet. The County also maintains that the sixty-foot width of the easement corresponds to the width of a road easement under § 2602 of the Montana Political Code of 1895. This statute provides as follows:

> The width of all public highways, except bridges, alleys, and lanes, *must be at least sixty feet*. The width of all private highways and by-roads, except bridges, *must be at least twenty feet*. Nothing in this Article must be so construed as to increase or diminish the width of either kind of highway already established or used as such.

Section 2602, Montana Political Code of 1895 (emphasis added).

¶19    The County contends that the Board of County Commissioners dedicated Lower Canal Road to the public, thus it is a public highway, not a private highway. Consequently, the County argues that the District Court's determination that the width of the road is only twenty feet, contradicts this statute. The County further argues that pursuant to *Sheldon v. Flathead County* (1985), 218 Mont. 270, 274, 707 P.2d 540, 543, once the District Court found that the Board of County Commissioners created the road by petition, it had to find that the width of the road is sixty feet.

¶20    The Weatherwaxes and the Gecks argue, on the other hand, that under the Canal Act of 1890, the interest of the United States Government is preeminent as it pertains to an operation and maintenance road built primarily to service a canal. Hence, the County cannot interfere with the preexisting rights of the Huntley Irrigation Project.

¶21    Richard Long, chief of the Montana area office of the Water and Lands Division of

the United States Department of Interior, Bureau of Reclamation, testified at trial that the Huntley Irrigation Project was authorized by the Secretary of the Interior in 1905 with construction beginning that year and continuing through 1917. Long further testified that the land in the Yellowstone Valley associated with the project was all federally owned and that

> [t]he easement for operation and maintenance of the canals is primary, and the underlying fee owners can utilize the lands associated with that easement for other purposes, providing that it's not an incompatible use with operation and maintenance of the project.

Furthermore, in regard to whether the Bureau of Reclamation had transferred the easement to the County, Long stated that the Bureau of Reclamation "has no authority to extend this easement to any party other than the irrigation district." The easement was taken by the United States Government in connection with the formation of the Huntley Irrigation Project and the United States Government has never forfeited or conveyed that easement to the County.

¶22 Additionally, Ronald Callahan, former District Manager for the Huntley Irrigation Project, stated that in the five years that he was manager of the project, he never asked permission from the County to maintain the road, nor did he view the County as an owner of any interest in the road. Similarly, John Ostlund, Yellowstone County Road Superintendent, testified that there was no argument that the land underlying Lower Canal Road belongs to the Weatherwaxes and the Gecks.

¶23 Accordingly, we hold that substantial credible evidence exists to support the District

8

Court's findings that the county road was superimposed on the operation and maintenance road and that the county road is not more or less extensive than the operation and maintenance road. Hence, we hold that the District Court was correct in determining that the width of the easement for Lower Canal Road is twenty feet as the road currently exists.

**Issue 2.**

¶24    *Did the District Court err when it determined that the County should replace the cattle guards it removed from the road?*

¶25    The County contends that the District Court erred when it determined that the County must replace the cattle guards it removed from the road. The County maintains that even though a herd district requires livestock owners to fence their animals rather than allowing them to freely wander the land, § 81-4-306, MCA, that does not prevent livestock owners from driving their animals down a public road, § 7-14-2129, MCA. Hence, the County argues that since livestock owners are permitted to drive their cattle down county roads, the placement of cattle guards on a county road prevents a lawful use of the road.

¶26    However, as set forth in the preceding issue, Lower Canal Road is preeminently an operation and maintenance road built primarily to service the canal within the Huntley Irrigation Project and, as such, the rights of the United States Government take precedence. Cattle guards are consistent with the requirement that landowners' livestock be fenced in and cattle guards impose no burden on the irrigation project's operation and maintenance activities. At trial, Long testified that the Huntley Irrigation Project favored cattle guards over fences on the operation and maintenance roads. When asked if he could have denied

9

Weatherwax permission from placing a cattle guard on the road, Long testified:

> I could have denied him, but the district's policy at the time was we would prefer a cattle guard rather than a gate, a wire gate, to put up of any sort. And the reason for that was that we can get easy access to the canal banks at any time we needed it.
> The problem with the district when over the years way before my time, there was fences started to go up and gates started to go in, and a lot of them were locked, and we had no access to get in there to do any work at all, and we had to track down the land owners to remove the gates, and it really became a hassle. So what we tried to do is, under the board's direction, was to encourage cattle guard[s] rather than a gate of any sort for access road.

¶27 Accordingly, we hold that the District Court was correct in determining that because the Huntley Irrigation Project preferred cattle guards to gates, the County must replace the cattle guards it removed from the road.

¶28 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JIM RICE

[end]

10