DA 12-0045

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 142N

IN THE MATTER OF THE BOUNDARY
RELOCATION FOR AMENDING
CERTIFICATE OF SURVEY 29807
TRACTS 2-A AND 2-B FISHTAIL, MT
JAMES J. AND LINDA L. CLARK,

   Petitioners and Appellants,

 and

BILL AND KATY MARTIN,

   Respondents and Appellees.

APPEAL FROM: District Court of the Twenty-Second Judicial District,
      In and For the County of Stillwater, Cause No. DV 06-39
      Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Joel W. Todd, Attorney at Law, Red Lodge, Montana

   For Appellee:

     Douglas D. Howard, Heard & Howard, PLLP, Columbus, Montana

        Submitted on Briefs: June 6, 2012
            Decided: July 3, 2012

Filed:

    _____
          Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellants James J. and Linda L. Clark (Clarks) appeal from the District Court's orders that approve the filing of an amended certificate of survey, approve a settled agreement, and require each party to pay one-half of the fees and costs relative to a surveyor agreed upon by the parties. We affirm.

¶3 Appellees Bill and Katy Martin (Martins) purchased the Fishtail General Store from Clarks in May 2000. Martins recorded the warranty deed and accompanying Certificate of Survey No. 298074 on April 24, 2000. This warranty deed created Tract 2-A. The Fishtail General Store sits on Tract 2-A. The southern boundary for Tract 2-A extends 69 feet in a westerly direction from the point of beginning. Tract 2-A consists of 1.278 acres.

¶4 The sewer system for the Fishtail General Store failed in July 2005. Keith Brown (Brown), a licensed Professional Engineer, designed a replacement septic wastewater disposal sewer system. The Stillwater County Health Department issued a replacement sewer system permit on August 25, 2005. Martins installed the new sewer system north of the Fishtail General Store on Tract 2-A.

¶5 A number of unresolved issues remained between Clarks and Martins. Clarks and Martins ultimately jointly petitioned to relocate the boundary lines between Tract 2-A and property owned by Clarks. The parties supported the petition with letters signed by Brown

2

and Stillwater County Sanitarian Keith D. Bell. The District Court approved the boundary line relocation. This relocation reduced the size of Tract 2-A.

¶6 The new sewer system failed again on September 11, 2009. Martins added new replacement laterals and a grease trap in October 2009. Brown recommended two additional laterals. Martins did not install these improvements due to the fact that the boundary line relocation reduced the amount of land in the northerly portion of Tract 2-A on which the Martins could install these additional laterals.

¶7 Martins requested that Clarks allow Martins to use land located outside the adjusted boundary line to install the two additional laterals. Clarks refused. Martins filed a motion pursuant to M. R. Civ. P. 60(b)(6) for relief from the District Court's order of June 7, 2006, that had approved the boundary line relocation.

¶8 Both parties and their counsel appeared for trial on April 8, 2011. The parties advised the District Court at the conclusion of a pre-trial conference that they had reached a settlement. The parties agreed that the District Court would retain jurisdiction to approve the final terms and conditions of the settlement, including the specifications for the new septic system. The court ordered the parties to hire Tom Kelly (Kelly), a licensed surveyor, to prepare a certificate of survey that would implement the Septic System Easement Agreement.

¶9 Martins filed a motion asking the court to approve the Corrected Tract 2-A Amended Certificate of Survey No. 328669 (Corrected Certificate) prepared by Kelly. The court held a hearing on September 20, 2011. Kelly testified for the first time that he had made an error in placement of the pins on the ground when he had performed the survey work in 2006 for

3

Amended COS 328669. Kelly testified that the Corrected Certificate attempted to correct his error in improperly placing the pins on the ground.

¶10     The court approved the filing of the Corrected Certificate. The court determined that the Corrected Certificate did not change the boundary between the Clarks' and Martins' tracts. The court determined that the Corrected Certificate simply corrects a survey error and that this correction would not affect any third party. It also approved the septic system proposal presented by Martins. It further ordered each of the parties to pay one-half of the fees and costs charged by Kelly relative to the preparation of the Corrected Certificate of Survey. The District Court denied Clarks' motion to reconsider. Clarks appeal.

¶11     Clarks argue that the District Court incorrectly determined that the Corrected Tract 2-A Amended COS 328669 did not change the boundaries between the Clarks' and Martins' tracts. Clarks further contend that the District Court improperly concluded that Martins' proposed septic system agreement accurately reflected the agreement of the parties. Clarks lastly seek relief from the court's order that requires them to pay one-half of Kelly's surveyor fees.

¶12     We review a district court's findings of fact to determine whether they are clearly erroneous. *Weatherwax v. Yellowstone County,* 2003 MT 215, ¶ 16, 317 Mont. 119, 75 P.3d 788. A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if, after reviewing the record, this Court is left with a definite and firm conviction that a mistake has been made. *Olson v. Jude,* 2003 MT 186, ¶ 34, 316 Mont. 438, 73 P.3d 809. This Court reviews for correctness a

4

district court's conclusions of law. *Gliko v. Permann,* 2006 MT 30, ¶ 13, 331 Mont. 112, 130 P.3d 155.

¶13    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.  It is manifest on the face of the briefs and record before us that substantial evidence supports the District Court's findings and that the District Court correctly applied the law to these facts.

¶14    Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BETH BAKER
/S/ JAMES C. NELSON